333 So.2d 293 (1976)
COMMERCIAL CAPITAL SYSTEMS, INC.
v.
Jerry PAILLE, d/b/a Pioneer Janitorial Maintenance and Supply, and General Accident Fire and Life Assurance Corp., Ltd.
No. 10762.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
*294 Monte J. Ducote, New Orleans, for appellant.
Harvey E. Finch, Slidell, and Jack A. Blossman, Covington, for plaintiffs-appellees.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
Presented for determination in this appeal is the applicability of an exclusionary clause contained in a comprehensive general liability insurance policy issued by the defendant, General Accident Fire and Life Assurance Corp., Ltd. General appeals a judgment of the trial court in favor of the plaintiff in the amount of $7,177.00 plus legal interest and costs.
General's insured, Jerry Paille, d/b/a Pioneer Janitorial Maintenance and Supply, contracted to perform janitorial services at the offices of plaintiff, Commercial Capital Systems Inc.
Part of Commercial's business consists of performing computer type services to clients, one of whom is the St. Tammany Parish Assessor's Office. A substantial number of real estate transfer sheets used in making the tax rolls were at Commercial's installation being processed. On the night of July 21, 1973, the employees of Paille, without authority and by accident, removed and destroyed by fire approximately 16,000 of these transfer slips.
The evidence preponderates in favor of the conclusion that these slips were located mainly on the top of a large table in the processing room and were clearly not trash, or garbage, such as the janitors were to discard. Mr. Eugene Robichaux, vice-president of Commercial, testified that Paille had been specifically instructed not to use his own judgment or discretion on items about which he had doubt.
In fact, during oral argument before this court, counsel for General conceded the negligence of the employees of his insured in destroying the transfer slips.
The policy provided property damage liability coverage under which the company contracted to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage to which the insurance applies caused by an occurrence.
The exclusion relied on by the defendant provides
"This insurance does no apply.
. . . . . .
"(i) to property damage to
. . . . . .
"(3) property in the care, custody or control of the insured, or as to which the insured is for any purpose exercising physical control;"
It is General's contention that the language of the exclusion is to be given an absolutely literal interpretation, and applies simply because the employees of Paille were exercising physical control of these transfer slips when they negligently removed them from the table and burned them in an incinerator. We cannot agree that this interpretation is intended by the policy and we therefore affirm the trial court's decision in favor of coverage.
*295 There was nothing in Paille's contract to provide janitorial services to Commercial that reasonably contemplated that Paille was to exercise any physical control over documents used by Commercial in its computer operations. The removal and destruction of these transfer slips was the result of the negligent performance of their contract duties (i. e., janitorial services) rather than an authorized and reasonably contemplated use of the transfer slips.
In the leading case of Thomas W. Hooley & Sons v. Zurich General Accident & Life Insurance Co., 235 La. 289, 103 So.2d 449 (1958), Justice Tate said in interpretating the care, custody or control exclusion that "damaged property or premises merely incidental or adjacent to the contracted object upon which work is being performed by the insured is not within the "care, custody or control' of the insured for purposes of the exclusion clause in question, even though he might be permitted access thereto during the performance of his contract."
In interpreting the second clause of the exclusion excluding "property ... as to which the insured is for any purpose exercising physical control," respect must be accorded to the well established principle that the primary object of all insurance is to insure, and exclusion clauses are strictly construed against the insurer, especially if they are of uncertain import. Hendrix Electric Company, Inc. v. Casualty Reciprocal Exchange, 297 So.2d 470, (La.App.2d Cir. 1974).
In Hendrix, this same clause was before the court and was held subject to a qualified interpretation rather than an absolutely literal one. Thus, where the physical control is not authorized, or where the insured has no interest in nor relation to the property in the performance of its contracted duties, (the property is not an implement of or used by the insured in the performance of its duties, nor is it the object of a contract of deposit), such unwarranted and unauthorized use or control will not exclude coverage.
The trial court awarded two (2) items of damages: (1) $4,034.00 incurred by the assessor in extra and over-time expenses, to redo the destroyed transfer slips, including $550.00 incurred by the assessor himself, who had to interrupt a vacation in California and return to St. Tammany Parish, and (2) $3,143.00 incurred by Commercial in rescheduling computer time and in working personnel overtime to complete the processing on time.
Appellant does not challenge the award to the assessor except for the above $550.00 item. Mr. Wayne Wascom, the assessor, testified that he had driven to California, had to fly home to supervise the reconstruction of the records, and then return to California to resume his trip and also pick up his automobile. He is the elected official who has the overall duty of preparing the assessment rolls timely, failing which he may incur personal liability. The record amply supports the trial court's award of this amount.
We also find that the record amply supports the trial judge's award to Commercial, in the amount of $3,143.00, for the expenses incurred by it.
We note however, that the defendant Jerry Paille was never served and in fact was never actually joined in the suit. Without jurisdiction over Paille, the Court was powerless to render a judgment against him. Therefore, the judgment must be amended to delete the insured Jerry Paille, d/b/a Pioneer Janitorial Maintenance and Supply.
Therefore, for the reasons here expressed the judgment of the trial court, as amended, is affirmed at appellant's costs.
AMENDED AND AFFIRMED.