ELLIS, Judge:
This is a subrogation suit by State Farm Fire & Casualty Company against Mrs. Rose A. Gomilla Pfiffner and Hanover Insurance Company. The petitions allege that Mrs. Alma E. Bardwell, plaintiff’s insured, leased a residence from Mrs. Pfiff-ner, and that the residence was destroyed by fire due to the negligence of Mrs. Pfiff-ner and her co-owners. As a result, the contents of the residence, which belonged to Mrs. Bardwell and were insured by plaintiff, were destroyed, and plaintiff paid the sum of $11,681.86 to cover the loss. In this suit, plaintiff seeks to recover that amount from the defendant.
Hanover filed a motion for summary judgment, alleging that it insured the residence for loss by fire only, was not Mrs. Pfiffner’s liability insurer, and provided no insurance on the contents of the residence. Attached to the motion were a copy of the policy itself and the affidavit of Hanover’s Claims Supervisor. The trial judge denied the motion and Hanover applied to this court for writs. We issued an alternative writ of certiorari directing the trial judge to grant the motion for summary judgment or to show cause in the court why the writ should not be granted. The alternative having been elected the case is now before us for decision.
The copy of the policy in the record shows that there is no liability coverage, and that the policy affords general hazard insurance to the following properties:
“15,500.00 on the one story, frame, approved roof one family owner occupied dwelling situated: W. S. Range Road, about V-k miles south of Hammond City Limits (820)
“2,000 o.n household and personal effects in the above
“7,000 on the one story, frame approved roof tenant dwelling 100 yds. from Item # 1.”
Plaintiff claims that there is an issue as to which of the above buildings was occupied by Mrs. Bardwell. However, we note that the first building, which has the contents coverage, is “owner occupied,” and the second building, which has no such coverage, is a “tenant dwelling.” There can be no doubt that Mrs. Bardwell occupied the tenant dwelling and that there is no contents coverage thereon.
The contents coverage of the policy reads as follows:
“When the insurance under this policy covers household and personal property (or contents), such insurance shall only cover all household and personal property usual or incidental to the occupancy of the premises as a dwelling (except aircraft, motor vehicles and boats other than rowboats and canoes) including household and personal property purchased under an installment plan and usual or incidental to a dwelling, belonging to the insured or for which the insured may be liable or, at the option of the insured, belonging to a member of the family of the insured or to a servant thereof, while contained in the described dwelling or appurtenant private structure or while on the described premises.”
Plaintiff argues that, since the policy does not define “appurtenant private structure,” there is a material issue of fact as to whether the tenant dwelling is such a *1252 structure, and covered for its contents. This argument is also without merit. Coverage is afforded only for personal property of the insured, a member of his family or a servant, and not to personal property of a tenant. We also feel that the tenant dwelling is not “appurtenant” to the owner occupied residence.. Generally, a thing is appurtenant to another when it is necessarily connected with the use and enjoyment of the latter, as a garage or tool shed to a house. We do not think a tenant dwelling located 100 yards from the owner’s residence falls within this definition.
Since we find no dispute as to the material facts, and since we are of the opinion that Hanover is entitled to judgment as a matter of law, the ruling of the court below must be reversed.
Accordingly, the writ of certiorari issued herein is made peremptory, and there will be judgment in favor of The Hanover Insurance Company and against plaintiff, dismissing plaintiffs suit as to it at plaintiff’s cost.
REVERSED AND RENDERED.