459 So.2d 14 (1984)
GULF-WANDES CORPORATION, et al.
v.
VINSON GUARD SERVICE, INC., et al.
AETNA CASUALTY AND SURETY COMPANY
v.
GULF-WANDES CORPORATION, et al.
Nos. 83 CA 1035, 83 CA 1036
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
Writ Denied March 8, 1985.
*15 W. Luther Wilson, Baton Rouge, for plaintiffs-appellants Gulf Wandes Corp., J.D. Atkinson, III, Travelers Indem., and plaintiffs-appellees Aetna Cas. & Sur., J.D. Atkinson, Jr., Terry Grenat, Paul James and Travelers Ins. Co.
Louis Koerner, New Orleans, for plaintiffs-appellants G.W. Leasing Co. and J.D. Atkinson, III.
Robert N. Habans, Jr., New Orleans, for defendant-appellant Admiral Ins. Co.
M. O'Neal Walsh, Baton Rouge, for defendant-appellant Houston General Ins.
Clinton Hyatt, Jr., Baton Rouge, for third party defendant-appellee Rocky Powell.
Donald Phelps, Baton Rouge, France Watts, III, Franklinton, James Hynes, Robert Rainer, Baton Rouge, for defendant-appellee Vinson Guard Service Inc.
Paul Marks, Jr., Baton Rouge, for plaintiff-appellee Aetna Cas. & Sur. Co.
Before COVINGTON, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiffs, J.D. Atkinson, III, Gulf-Wandes Corporation, G.W. Leasing Company, Inc., and Travelers Indemnity Company, appealed the trial court's judgment dismissing their claims for property damages. Third party defendants, Houston General *16 Insurance Company and Admiral Insurance Company, appealed the court's judgment holding them liable to Vinson Guard Service, Inc. for attorneys' fees.
The issues in the first appeal are:
(1) whether the trial court erred in failing to enter judgment in favor of J.D. Atkinson, III, in accordance with the court's ruling on a motion for directed verdict made on behalf of J.D. Atkinson, III;
(2) whether the trial court erred in failing to consider the contractual relationships between the parties, with particular respect to: (a) jury instructions, (b) the answers to the jury interrogatories, (c) plaintiffs' motion for judgment notwithstanding the verdict;
(3) whether the trial court erred in failing to enter a judgment on liability in favor of plaintiffs by application of La.C.C. art. 2317;
(4) whether the trial court's instructions to the jury regarding assumption of the risk were so misleading that they tainted the jury's answers to the other interrogatories;
(5) whether the jury's answers to the interrogatories regarding causation and assumption of the risk were contrary to the law, the evidence and the instructions of the trial court.
The issues in the second appeal are:
(1) whether the excess insurance policies issued by Houston and Admiral provide coverage under the circumstances of this case;
(2) whether the court erred in awarding Vinson the attorneys' fees that were incurred in litigating the issue of coverage.
Defendant, Vinson, answered the appeal filed by Admiral and Houston seeking additional attorneys' fees and damages for frivolous appeal.
We amend and affirm as amended in part and reverse and remand in part.
On the afternoon of September 22, 1976, some welding work was performed on one of the doors of a warehouse owned by J.D. Atkinson, III, leased to Gulf-Wandes Corporation and insured by Travelers Indemnity Company. Sparks from the welding caused some of the phenolic dust from the plastics to smolder. Gulf-Wandes employees took action to extinguish the fires. James Jenks, an employee of Vinson Guard Service, Inc., with whom Gulf-Wandes had a contract for watchman services, volunteered to monitor the fire area in addition to making his routine rounds, and to call the local fire department and Gulf-Wandes personnel if he observed a fire. Mr. Jenks failed to monitor the fire area as agreed upon. A fire erupted during the evening of September 22, 1976, causing extensive damages to the warehouse and its plastic contents and to movable property owned by G.W. Leasing Company, Inc. As a result of the fire, Travelers paid $168,166.52 to J.D. Atkinson, III and $391,783.94 to Gulf-Wandes and is subrogated for those amounts.
Plaintiffs-appellants filed suit against defendants Vinson, Houston General Insurance Company, and Admiral Insurance Company, alleging that defendants, due to the negligence of James Jenks, were solidarily liable to plaintiff for the damages caused by the fire in the following amounts: Gulf-Wandes, $200,000.00; J.D. Atkinson, III, $25,000.00; G.W. Leasing Company, $4000.00, and Travelers, $558,950.46.[1]
Vinson filed a third-party demand against Admiral and Houston[2] asserting that if Vinson was cast in judgment, Admiral and Houston should also be cast in *17 judgment to the extent of their respective policy limits, $250,000.00 and $1,000,000.00, and for reasonable attorney's fees and reasonable costs of defense.[3]
The case was tried before a jury in a bifurcated trial. At the close of defendants' case, the trial court granted a motion for directed verdict made on behalf of J.D. Atkinson, III, in his capacity as plaintiff and third-party defendant. However, the issues regarding Vinson's liability were later submitted to the jury. Among other findings, the jury found that Mr. Jenks was guilty of negligence but that his negligence was not a proximate or legal cause of the damages claimed by the plaintiffs. The jury also found that Gulf-Wandes was guilty of contributory negligence which was a proximate or legal cause of plaintiffs' damages and that Gulf-Wandes assumed the risk of its damages.
The court rendered judgment in favor of defendants in the main demand and against plaintiffs, dismissing plaintiffs' suit at plaintiffs' costs.[4] The court also rendered judgment in favor of Vinson on its third party demand against Houston and Admiral in the amount of $13,863.79 for attorneys' fees.
In response to a motion for a directed verdict on behalf of J.D. Atkinson, III, the court ruled as follows:
"The court will grant the motion as a third-party defendant on behalf of J.D. Atkinson, III, and also in Mr. Atkinson's favor as a plaintiff. I will not submit interrogatories to the jury relative to contrib, negligence, contrib and/or assumption on behalf of J.D. Atkinson, III."
Plaintiffs contend that by the above ruling the court granted the motion on the issue of liability in favor of J.D. Atkinson, III. Defendants-appellees claim that the motion was granted solely on the issues of contributory negligence and assumption of the risk with regard to J.D. Atkinson, III, only.
In view of our disposition of the remaining issues, we find that a decision regarding the trial court's action on the motion for directed verdict is unnecessary.
Appellants next argument is that the court failed to consider the contractual relationships between the parties in the jury instructions, the answers to the jury interrogatories and plaintiffs' motion for judgment notwithstanding the verdict.
Plaintiffs-appellants requested jury instructions concerning breach of contract theories. The trial court limited the instructions to the jury and the jury interrogatories to delictual fault concepts. Plaintiffs-appellants argue that the distinction between contractual and delictual obligations is important with regard to the matter of burden of proof as to fault and causation of damage. Plaintiffs contend that the jury found the contractual relationship between the parties to have been breached by their finding that Mr. Jenks was negligent in the performance of his duties on the night of the fire and, thereby, the burden of proof was shifted to the defendants to demonstrate that the cause of the damage was not the fault of the defendants.
Appellees' response is that the contract issue was not properly raised by appellants and that the answers of the jury to the interrogatories rendered the contract issue moot because the same result would be reached under either tort or contract theories.
In a jury trial, the judge is not required to give the precise instructions submitted by either party, but he must give *18 instructions which properly reflect the law applicable in light of the pleadings and facts in each particular case. If instructions concerning negligence and liability are confusing or misleading, or omit an applicable essential legal principle, such instructions constitute reversible error. Kaplan v. Missouri-Pacific Railroad Company, 409 So.2d 298 (La.App. 3d Cir. 1981); Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Beck v. Lovell, 361 So.2d 245 (La.App. 1st Cir.1978), writ denied, 362 So.2d 802 (La.1978).
We find that contractual theories of recovery are applicable and essential to the facts of this case and therefore, the trial court's failure to instruct the jury regarding the contractual rights and obligations of the parties constituted reversible error. Plaintiffs pleaded the contractual theory of recovery in their original petition, listed the contract issue in the pretrial order, presented evidence of a contractual relationship, and made a timely objection when the trial court excluded the contractual theory from the requested jury charges. Therefore, we find that the contract issue was properly raised and that the jury should have been instructed on the law of contracts.
Although we have concluded that the trial court's actions constituted reversible error, we must further determine the issue of liability in this case. Where an appellate court has the complete record of all necessary evidence before it, it should under its constitutional authority review fact as well as law and render judgment on the merits. Gonzales v. Xerox Corporation, supra, Boyette v. Auger Timber Company, 403 So.2d 800 (La.App. 2d Cir.1981), writ denied, 407 So.2d 731 (La.1981).
The next assignment of error raised by plaintiffs that is relevant to our disposition of the case is that the jury's answers to the interrogatories regarding causation and assumption of the risk were contrary to the law, evidence and instructions of the court. Our review of factual issues is controlled by the principle established by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). In those two cases, the standard of review to be applied to factual determinations by the trial of fact, whether judge or jury, was declared to be manifest error.
After carefully reviewing the record, we believe that the factual determinations of the jury on the issues of causation, assumption of the risk and contributory negligence were manifestly erroneous.
Gulf-Wandes' personnel and representatives engaged in actions to ensure the safety of the area where the smouldering fires had taken place. All persons present at the scene of the fires testified that they believed the fires had been completely extinguished. The guard employed by Vinson volunteered to monitor the fire area and to establish his post in that area. We find that the representatives of Gulf-Wandes were not negligent in depending on the guard service to monitor the area. Furthermore, no evidence was presented to show that Gulf-Wandes had knowledge that the fire would rekindle or that Gulf-Wandes had any reason to believe that the guard would not monitor the area as agreed upon.
We also find that reasonable men could not have reached the conclusion that the guard's negligence was not the proximate cause of the damages claimed by plaintiffs. If the guard had complied with his duty to observe the fire area and report any fire activity to the Gulf-Wandes personnel, the property damage involved herein would not have occurred. Furthermore, since the guard's duty was specifically to protect the premises from the risk of fire, there is no question that the guard's negligence was the proximate cause of the damages resulting from the fire.
APPEAL OF THIRD PARTY DEFENDANTS
The excess insurers, Houston and Admiral, raise the issue of whether the excess insurance provides coverage under the factual circumstances of this case. The relevant exclusion provides that the liability *19 coverage does not apply to damage to property "... entrusted to the Insured for storage or safekeeping[.]" Appellants assert that this exclusion refers to the same property that is encompassed by the "care, custody, or control" exclusion that is commonly found in liability policies and that the purposes for these exclusions is to prevent a general liability insurer from becoming a guarantor of the insured's workmanship in his ordinary operations. Appellants argue that the Vinson guard was the "custodian" of the property at the time of the fire due to his position of responsibility and, therefore, the property damage falls within the pertinent exclusion. Appellee urges that the guard was merely performing his duties to observe the Gulf-Wandes property and report irregular activity, which did not place the property in the "care, custody or control" of the guard. Appellee also emphasizes that the guard did not possess any keys to the buildings on the premises and that he had no decision-making authority regarding the operation of the warehouse facility.
We find that the policy exclusion does not apply to this particular factual situation. The apparent purpose for this type of exclusion is to protect insurers from the risks concerned in insuring property under the care, custody or control of the insured in the sense of being owned, rented or used by the insured and where there might be some advantage to the insured in falsifying or exaggerating a loss. This reason for the exclusion does not apply with reference to property belonging solely and unconditionally to others as in the instant case. Hendrix Electric Company, Inc. v. Casualty Reciprocal Exchange, 297 So.2d 470 (La.App. 2d Cir. 1974). Furthermore, the primary object of all insurance is to insure, and exclusion clauses are strictly construed against the insurer, especially if they are of uncertain import. Commercial Capital Systems, Inc. v. Paille, 333 So.2d 293 (La.App. 1st Cir.1976).
Appellants cite Stewart Warner Corporation v. Burns International Security Services, Inc., 527 F.2d 1025 (7th Cir.1975) in which the court found that goods stored in a warehouse were in the "care, custody, or control" of the named insured which was providing a night watchman to protect the warehouse premises. Since Stewart Warner, supra, there has been at least one case from the same jurisdiction in which the court found that a security guard did not have the requisite control over the warehouse premises to invoke the "care, custody or control" exclusionary clause. Greater New York Mutual Ins. Co. v. Professional Security Bureau, Ltd., 61 App. Div.2d 975, 402 N.Y.S.2d 448 (1978). We are not convinced by the Stewart Warner case.
We cite the jurisprudence concerning the definition of "custody" in the context of La.C.C. art. 2317.[5] In Bonvillain v. Realty Operators, 26 So.2d 25, 28 (La.App. 1st Cir.1946), the court gave the following guidelines:
"We construe the Article to mean by things in one's custody, such things over which that person maintains some sort of supervision and control either because he has an interest in them or derives a benefit from their use."
The Vinson guard had neither a proprietary or monetary interest in the Gulf-Wandes operations nor did he derive any benefit from its operations.
Appellants contend that they have the right to seek a judicial interpretation of whether a policy clause applies to a particular factual situation and that a finding of coverage by the court should not necessarily result in attorney's fees being awarded to the insured.
An insurer's liability to pay penalties and attorney's fees is based on whether their action in denying coverage is arbitrary, *20 capricious and without probable cause. La.R.S. 22:658.[6] The Supreme Court addressed this issue in Carney v. American Fire & Indemnity Company, 371 So.2d 815, 819 (La.1979). The court stated:
"An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees."
A trial court's conclusion with regard to the assessment of penalties and attorney's fees under La.R.S. 22:658 is partially a factual determination which should not be disturbed absent a finding that it is manifestly in error. Carter v. American Mutual Liability Insurance Company, 386 So.2d 1072 (La.App. 3d Cir.1980).
Defendant-Vinson has answered the appeal seeking additional attorneys' fees and damages for frivolous appeal. Vinson claims that the trial court overlooked the testimony of one of the attorneys that represented Vinson that he worked forty hours in defense of the insurance companies' denial of coverage. Vinson requests this court to increase the trial court award by the sum of $3000.00.
Evidently, the trial court did overlook the attorney's testimony that he had spent at least five hours on the question of coverage. At the trial court's approved rate of $75.00 per hour, this would amount to $375.00. Accordingly, we amend the trial court's judgment to award additional attorneys' fees in the amount of $375.00.
Vinson also claims that the trial court failed to consider the time required for Vinson's counsel to prepare post-trial briefs on the issue of attorneys' fees. Vinson seeks an additional $1000.00 award for these legal services. The briefs were submitted to the trial court. We find no proof that the court did not consider the time required.
La.C.C.P. art. 2164 authorizes a claim for damages for frivolous appeal. However, appeals are favored under the law and damages for frivolous appeal will not be granted unless they are clearly due. Maxwell v. State, Department of Transportation and Development, 391 So.2d 1230 (La.App. 1st Cir.1980), writ denied, 394 So.2d 281 (La.1980). Damages will be awarded only when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983); Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979).
We find that this case presents a serious legal question on the issue of insurance coverage. Therefore, we reject appellee's request for damages for frivolous appeal.
For the above reasons, we reverse the trial court's judgment in the first appeal and render judgment in favor of plaintiffs on the issue of liability. We remand the *21 case to the trial court for further proceedings.
The judgment of the trial court in the third-party demand brought against Houston and Admiral is affirmed and amended to award additional attorneys' fees in the amount of $375.00.
All costs of this appeal are to be borne by Admiral Insurance Company and Houston General Insurance Company.
AMENDED AND AFFIRMED AS AMENDED IN PART AND REVERSED AND REMANDED IN PART.
NOTES
[1] Vinson Guard Service, Inc., Houston General Insurance Co., and Admiral Insurance Co. filed a third-party demand against J.D. Atkinson, III and several other parties, alleging that these parties were guilty of contributory negligence and that these third-party defendants assumed the risks that the premises would be destroyed. The trial court dismissed this demand at plaintiffs' costs. There is no issue on appeal arising from this demand.
[2] John W. Dussouy and Company, Inc. and the Insurance Market Place, Inc. were also named as third-party defendants. However, the claims against these parties were severed and are not relevant to the issues presented on appeal.
[3] A $50,000.00 primary insurance policy issued to Vinson Guard Service, Inc. by Charter Oak Insurance Company was in effect at the time the fire occurred. Coverage was acknowledged by the insurer.

The insurance coverage provided by Admiral Insurance Co. and Houston Insurance Co. is excess coverage.
[4] Plaintiffs entered into a settlement with Vinson Guard Service, whereby Vinson Guard Service was dismissed for the full $50,000.00 of the Charter Oak policy.
[5] La.C.C. Art. 2317.

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
[6] La.R.S. 22:658

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.