491 So.2d 402 (1986)
CHRYSLER CREDIT CORPORATION
v.
DAIRYLAND INSURANCE COMPANY.
No. CA 85 0125.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Writ Denied October 10, 1986.
G. Thomas Arbour, Baton Rouge, for plaintiff-appellee Chrysler Credit Corp.
*403 Charles A. Schutte, Jr., Baton Rouge, for defendant-appellant Dairyland Ins. Co.
Before EDWARDS, SAVOIE, LANIER, CRAIN and PONDER,[*] JJ.
PONDER, Judge.
Defendant insurer appealed the judgment rendered against it in plaintiff-mortgagee's suit on a collision policy's loss payable clause. Plaintiff answered the appeal, complaining of the trial court's failure to award penalties and attorney fees under LSA-R.S. 22:658.
The issues are: (1) whether the clause is a simple or open loss payee clause, or a standard or union mortgage clause; (2) whether plaintiff's rights under the policy clause were affected by the mortgagor-insured's settlement with the release of the tortfeasor responsible for the collision loss; (3) whether defendant acted arbitrarily, capriciously and without probable cause in refusing to pay plaintiff's claim.
We amend and affirm as amended.
The facts are undisputed. In September of 1981, Larry Carroll purchased a pick-up truck and gave a promissory note, secured by a chattel mortgage, in favor of Chrysler Credit Corporation (plaintiff) for the credit portion. At the same time, Carroll obtained insurance on the truck from Dairyland Insurance Company (defendant) and had plaintiff named as loss payee under the policy. On April 22, 1982, while the policy was in full force and effect, Carroll had an accident which extensively damaged the truck. On or about December 22, 1982, defendant issued a draft to Mr. Carroll in settlement of his claim, but subsequently stopped payment on the draft when it learned that Carroll had received a draft in the amount of $7,750 from the tortfeasor's insurer. On March 28, 1983, plaintiff as loss payee made formal demand for the amount due under the policy's collision coverage, and submitted proof of loss to defendant. Defendant refused to pay the claim.
Actual damage to the truck was stipulated to be $7,000, rendering it beyond repair.
The trial court rendered judgment in favor of plaintiff in the sum of $6,750, the amount of the loss minus the $250 deductible, plus legal interest from date of judicial demand; however, the court found that defendant had not acted arbitrarily or capriciously in denying payment and thus refused to assess penalties and attorney fees.
On appeal, defendant argues that Carroll's settlement with and release of the tortfeasor and his insurer barred the claim of the loss payee, plaintiff. Defendant's argument is based upon its interpretation of the policy's loss payable clause as a "simple or open" loss payable clause, under which the loss payee is subject to the same defenses which the insurer may have against its insured.
The policy's loss payable endorsement provided as follows:
We will pay loss or damage due under this policy according to your interest and that of the lienholder. We may make separate payments according to those interests.
We will pay the lienholder for a loss under this policy even though you have violated the terms of the policy by something you have done or failed to do. However, we will not pay for any loss caused by conversion, embezzlement or secretion by you or anyone acting on your behalf.
We will not notify the lienholder each time you renew this policy and we may cancel this policy according to its terms. We will protect the lienholder's interest for 10 days after we notify him that the policy has terminated, for any reason. If we pay the lienholder for any loss or damage suffered during that 10-day period, we have the right to recover the amount of any such payment from you.
If you fail to give proof of loss within the time allowed, the lienholder may protect *404 his interest by filing a proof of loss within 30 days after that time.
The lienholder must notify us of any known change of ownership or increase in the risk. If he does not, he will not be entitled to any payment under this endorsement.
If we pay the lienholder under the terms of this endorsement for a loss not covered under the policy, we are subrogated to his rights against you. This will not affect the lienholder's right to recover the full amount of his claim. The lienholder must assign us his interest and transfer to us all supporting documents, if we elect to pay the balance due him on the vehicle.
The language of the endorsement in paragraphs one and two contradicts defendant's contention, for it clearly provides for coverage of the loss payee's interest under circumstances which would give defendant a defense to claims of the insured. The loss payable provision in this policy is not a simple or open loss payee clause. Cf. May v. Market Insurance Company, 387 So.2d 1081 (La.1980); Eicher-Woodland Co. v. Buffalo Ins. Co. of New York, 198 La. 38, 3 So.2d 268 (1941); Howard Griffin, Inc. v. Progressive Casualty Insurance Company, 409 So.2d 1262 (La. App. 2d Cir.1982). Accordingly, plaintiff is not barred from recovering from defendant solely because the insured had previously settled with and released the tortfeasor and the tortfeasor's insurer.
However, the question remains whether plaintiff is barred from recovery under the terms of the loss payable endorsement which preclude payment to the loss payee "... for any loss caused by conversion, embezzlement or secretion ..." by the insured or anyone acting in the insured's behalf.
The policy failed to define the term "loss," thus making it unclear whether the application by Carroll to his personal use of the funds received in settlement from the tortfeasor's insurer is a "loss caused by conversion," thus relieving defendant of its obligation to pay the claim of the loss payee. The trial court held that the contract provision was ambiguous and thus had to be construed against the insurer, applying the principle that in the event of doubt or ambiguity as to the meaning of a provision in an insurance policy, the policy must be construed liberally in favor of the insured and against the insurer. See Lacoste v. Price, 453 So.2d 986 (La.App. 1st Cir.1984). We find no manifest error in the trial court's application of this principle to the policy provision in question.[1]
Plaintiff argues that the trial court erred in denying an award of penalties and attorney's fees under LSA-R.S. 22:658.[2]
Defendant's only defense was its interpretation of an ambiguous policy provision. Defendant argues that it had the right to seek a judicial interpretation and should *405 not be penalized solely because the court found coverage.
An insurer must take the risk of misinterpreting its own policy provisions. If it makes an error in interpretation, that error will not be considered as a reasonable ground for delaying the payment of benefits, and will not relieve the insurer of the payment of penalties and attorney's fees under LSA-R.S. 22:658. Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979); Gulf-Wandes Corp. v. Vinson Guard Service, 459 So.2d 14 (La. App. 1st Cir.1984), writ denied 464 So.2d 312 (La.1985).
Accordingly, we find error in the trial court's failure to award penalties of 12% and reasonable attorney fees. Our review of the record reveals that an attorney fee of $1,500 is appropriate. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983).
For the foregoing reasons, we affirm that portion of the judgment awarding plaintiff the sum of $6,750, with legal interest from the date of judicial demand and all costs of the trial court proceedings; we amend the judgment to award plaintiff penalties of 12% and reasonable attorney fees of $1,500. Defendant is cast for all costs of appeal.
AMENDED, AND AS AMENDED, AFFIRMED.
LANIER, J., concurs in part and dissents in part and assigns reasons.
SAVOIE, J., concurs in part and dissents in part for the reasons assigned by LANIER, J.
LANIER, Judge, concurring in part and dissenting in part.
We agree that the plaintiff can benefit from the loss payable clause and is not barred from recovery because of a loss by conversion. We dissent from reversing the trial court and assessing statutory penalties.

STATUTORY PENALTIES
The majority has erroneously assessed statutory penalties pursuant to La.R.S. 22:658.
La.R.S. 22:658 is a penal statute and must be strictly construed. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983). A party claiming statutory penalties under La.R.S. 22:658 has the burden of proving the essential elements of the statute to establish his entitlement. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985). The assessment of statutory penalties is not appropriate where there is a serious defense presented in good faith. Shatoska v. International Grain Transfer, Inc., 430 So.2d 1255 (La.App. 1st Cir.1983). The issue of whether the refusal to pay insurance benefits was arbitrary, capricious or without probable cause is a factual determination. A factual determination of a trial court should not be reversed unless it was manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The defendant has asserted two policy defenses: (1) Carroll's settlement with and release of the tortfeasor and his insurer barred recovery by the plaintiff as a loss payee because the policy had a simple or open loss payable clause, and (2) the actions of Carroll in releasing the tortfeasor and his insurer deprived the defendant of its subrogation rights and constituted a conversion for policy purposes because Carroll took the settlement proceeds and did not pay the plaintiff as lienholder.
No cases have been brought to our attention which have interpreted either policy provision, and, thus, it appears that our interpretations of them are de novo. It appears well settled in the law that for purposes of assessing statutory penalties, an insurer's refusal to pay contested benefits is not without just and reasonable cause where that refusal is based on a reasonable interpretation of policy language which has not been construed to the contrary by the courts. Cartwright v. Cuna Mutual Insurance Society, 476 *406 So.2d 915 (La.App. 2nd Cir.1985). While a court may disagree with the interpretation the insurer places upon its policy, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statute. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984); Stewart v. Louisiana Farm Bureau Mutual Insurance Company, 420 So.2d 1217 (La.App. 3rd Cir.1982). An insurer has a right to a judicial determination of issues reasonably raised. La. Const. of 1974, art. I, § 22; Casey v. Proprietors Life Assurance Company, 470 So.2d 339 (La.App. 5th Cir.1985).
The majority has held, in essence, that an insurer litigates a reasonable interpretation of its policy at the peril of being assessed statutory penalties.[1] We believe such a holding results in an impermissible chilling of the insurer's constitutional right of access to the courts. La. Const. of 1974, art. I, § 22. Public policy and our constitution require that all persons shall fully resort to the courts for redress of wrongs and the law protects them when they act in good faith upon reasonable grounds in commencing (or provoking) either a civil or criminal proceeding. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). We cannot agree with such a holding.
The defendant reasonably litigated its policy defenses herein. Its actions were not arbitrary, capricious or without probable cause. The trial court ruling on the statutory penalty issue was correct and, thus, was not clearly wrong or manifestly erroneous. The practical effect of the majority holding is that Carroll recovered for the damages to his vehicle from the tortfeasor's insurer, we are ordering the defendant to pay those same damages to the plaintiff, and we are penalizing the defendant for reasonably resisting such a double payment.
For the foregoing reasons, we respectfully dissent.
NOTES
[*] Judge Elven E. Ponder, Retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.
[1] We also note that as the primary object of all insurance contracts is to insure, exclusion clauses are strictly construed against the insurer, especially if they are of uncertain import. Gulf-Wandes Corp. v. Vinson Guard Service, supra.
[2] LSA-R.S. 22:658, prior to its recent revision, provided:

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.
[1] "An insurer must take the risk of misinterpreting its own policy provisions. If it makes an error in interpretation, that error will not be considered as a reasonable ground for delaying the payment of benefits and will not relieve the insurer of the payment of penalties and attorney fees under La.R.S. 22:658."