YELVERTON, Judge.
The plaintiff, Herman L. Fontenot, sued his insurer, Louisiana Farm Bureau Casualty Company, under a homeowner’s policy for storm damage to his pumphouse, an oxidation pond, a fence, and his barn located near his home. The insurer’s defense, asserted by way of a motion for partial summary judgment, was that there was no coverage under the policy.
The parties stipulated that the total amount of damage to Fontenot’s property was $5,000. It was agreed that the case be submitted to the district judge on the merits to be decided on the basis of the stipulation, a deposition of Fontenot and the policy-
The trial court rendered judgment in favor of plaintiff, finding coverage under the policy for damage to the bam roof and the pumphouse, but excluding coverage for damage to the fence amounting to $500. The court awarded plaintiff $4,500 less a $100 deductible. The court also found that Louisiana Farm Bureau was arbitrary and capricious in its denial of coverage and awarded the insured penalties of 12% of *1046 the total loss, or $528.00, and attorney’s fees in the amount of $1,500.
Louisiana Farm Bureau has appealed alleging error in the finding of coverage as to the barn roof and in the award of penalties and attorney’s fees as it pertains to the claim for damages to the barn roof. Fonte-not has answered the appeal seeking damages for frivolous appeal by the defendant and an increase in attorney’s fees for work on appeal. We affirm and we modify the judgment to increase the award for attorney’s fees to $2,500.
Mr. Fontenot’s barn is located within 100 feet of his home in rural Calcasieu Parish. The barn, along with the other nearby damaged structures, was damaged by windstorm on February 12, 1984. After reporting the loss to Louisiana Farm Bureau, Fontenot was visited by the insurer’s adjuster who estimated the total damage at $202.40 and sent Fontenot a check for that amount. Fontenot rejected the proposed settlement and the suit followed.
Louisiana Farm Bureau insists that damage to the barn is not covered under the policy because the barn is not an “appurtenance” within the meaning of the policy. Alternatively defendant-appellant argues that even if found to be an appurtenance, the barn is excluded under a clause excluding coverage for structures used for business purposes since the bam housed some farming equipment.
The pertinent provisions of the policy read as follows:
COVERAGE B — APPURTENANT STRUCTURES
This policy covers structures (other than the described dwelling building, including additions in contact therewith) appertaining to the premises and located thereon. This coverage also includes materials and supplies located on the premises or adjacent thereto, intended for use in construction, alteration or repair of such structures.
This coverage excludes:
1. structures used in whole or in part for business purposes; or
2. structures rented or leased in whole or in part or held for such rental or lease (except structures used exclusively for private garage purposes) to other than a tenant of the described dwelling.
APPURTENANT STRUCTURES
The first inquiry is whether the bam is an appurtenant structure in relation to the house and thus covered under the terms of the homeowner’s policy. The policy itself contains an extensive list defining various terms used within the policy. The list contains no definition of “appertaining” or “appurtenant structure”. Therefore we are bound to construe these terms in their ordinary and popular sense rather than in a technical, philosophical or limited sense and to give them a likened interpretation in favor of the policyholder. Percy v. Safeguard Ins. Co., 460 So.2d 724 (La.App. 3rd Cir.1984) writ granted 463 So.2d 596 (La.1985), cause dismissed (compromised), 464 So.2d 1366 (La.1985).
Webster’s Third New International Dictionary defines appurtenance as an incidental property right or privilege (as a right of way, a barn or an orchard) belonging to a principal property right and passing in possession with it. The First Circuit has defined appurtenance saying “... generally, a thing is appurtenant to another when it is necessarily connected with the use and enjoyment of the latter, as a garage or tool shed to a house.” State Farm Fire & Casualty Co. v. Pfiffner, 399 So.2d 1250 (La.App. 1st Cir.1981). In Pfiffner the court found that under a general hazard insurance policy which provided coverage for contents contained in the principal dwelling or “appurtenant structure”, a tenant’s dwelling located 100 yards from the residence was not covered.
In its brief Louisiana Farm Bureau relies heavily on the Pfiffner decision, arguing that because the Fontenot bam contained some farm equipment formerly used on a farm located some distance from the home it could not be said that the barn’s use was for the benefit of the home.
In Pfiffner the structure in question was a tenant dwelling occupied and used solely *1047 by a lessee who was unrelated to the owner-occupant of the principal dwelling. The court emphasized the use of the tenant building in relation to the policyholder’s home rather than its location 100 yards from that home in finding that the tenant dwelling was not an appurtenant structure.
Fontenot in the present case testified by deposition that the damaged barn contained a motor home, a two-ton truck, a post peeler, lumber for his own use around his property, a vat for treating lumber, and an umbrella top for a tractor. He stated that he used the lumber to build pens and a barn at his home, the two-ton truck was used to haul lumber to his farm, but not for any job, and that the motor home was used for family vacations and to go into town.
Pfiffner can be readily distinguished from the case at hand. A rent house is by its nature used by a lessee as a place to live and store his property. Even though it is located near the lessor’s home and the rent goes to benefit that lessor, it does not follow that the tenant dwelling is necessarily connected to the lessor’s use and enjoyment of his own home.
Fontenot stored in the barn his motor home and the materials he used to repair his home and outbuildings. It is true that the bam was also used to store a truck and some other materials that he did not use around his place. However we will not construe “appurtenant structure” so strictly as to require a denial of coverage where some items found in the barn were not used around the property. We find that the bam is covered under Coverage B of the homeowner’s policy.
BUSINESS EXCLUSION
Louisiana Farm Bureau argues that even if the bam is covered under the policy, it would fall under an exclusion for “structures used in whole or in part for business purposes.” In support of its argument it cites the deposition in which Fon-tenot admits that some of the items stored in the bam were formerly used in a farming operation.
Fontenot testified in his deposition that he had not been involved in any farming operations since before the damage occurred. Louisiana Farm Bureau in no way refuted this statement either in the questioning of Fontenot or by means of other evidence. Nor was it shown that any farming operation in the past was done as a business pursuit. Louisiana Farm Bureau completely failed to prove that the barn was used “in whole or in part for business purposes”. We find no error in the trial court’s conclusion that the barn did not fall under the exclusion clause. We affirm the trial court’s finding that the barn was covered under the policy.
PENALTIES AND ATTORNEY’S FEES
Louisiana Farm Bureau argues that the trial court erred in finding that its refusal to pay the claim was arbitrary, capricious or without probable cause. We disagree.
The issue of whether the refusal to pay insurance benefits was arbitrary, capricious, or without probable cause is a factual determination. A factual determination of the trial court should not be reversed unless it was manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987).
In its reasons for judgment the trial court found that once the defendant took the deposition of the plaintiff it was clear that coverage for the barn was not excluded under the provisions of the contract. The facts provided by the deposition revealed that the bam was not being used for business purposes at the time of the accident, and revealed facts that showed the barn was an “appurtenant structure” of the main dwelling. The plaintiff offered sufficient proof to show the defendant was arbitrary in its refusal to pay.
Louisiana Farm Bureau also contends that its interpretation of the policy provision governing “appurtenant structures” was reasonable, thereby precluding an award of penalties and attorney’s fees.
As the court stated in Chrysler Credit Corp. v. Dairyland Insurance Company, *1048 491 So.2d 402 (La.App. 1st Cir.1986), writ denied 494 So.2d 1178 (La.1986):
An insurer must take the risk of misinterpreting its own policy provisions. If it makes an error in interpretation, that error will not be considered as a reasonable ground for delaying the payment of benefits, and will not relieve the insurer of the payment of penalties and attorney’s fees under LSA-R.S. 22:658. Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979); Gulf-Wandes Corp. v. Vinson Guard Service, 459 So.2d 14 (La.App. 1st Cir.1984), writ denied 464 So.2d 312 (La.1985).
In the present case the policy did not define “appurtenant structure”, or “appertaining to the premises.” A reasonable interpretation would include the barn damaged in the present case. The defendants failed to prove the barn was used for business purposes. Under these facts we find that defendant’s interpretation denying coverage was unreasonable.
The plaintiff has answered the appeal seeking additional attorney’s fees for defending the appeal. We find that plaintiff is entitled to an award of $1,000 as attorney’s fees for defending this appeal. See Haynes v. Standard Fire Insurance Company, 370 So.2d 118 (La.App. 1st Cir.1979).
The plaintiff is also seeking damages for frivolous appeal. We do not find this appeal frivolous. This claim for damages is denied.
For these reasons the judgment of the trial court is amended to award the plaintiff $2,500 in attorney’s fees. In all other respects the judgment is affirmed at defendant’s cost.
AMENDED AND AFFIRMED.