PITCHER, Judge.
This appeal arises out of a trial court judgment granting a motion for summary judgment.
FACTS
On December 29, 1987, plaintiff, Ron Reynolds, leased a self-storage unit in All-safe Mini Storage (“Allsafe”), located at 15423 Old Hammond Highway in Baton Rouge, Louisiana. Allsafe is owned by Guaranty Income Life Insurance Company (“Guaranty”) and managed by Select Prop *743 erties, Limited (“Select”). Reynolds used the storage unit to store personal property belonging to him and his family. Reynolds had not been to the storage unit for a few months, and upon returning there in September of 1989, he found that some of his property had been stolen. During 1989, Transcontinental Insurance Company (“Transcontinental”) had sold a policy of commercial general liability insurance to Guaranty, which allegedly provided coverage for the loss alleged by Reynolds.
On July 6, 1990, Reynolds filed the instant suit against Select and Guaranty, alleging that they were liable for the loss of his personal property. Select and Guaranty answered the petition and filed a third party demand against Transcontinental. Guaranty alleged that, under the commercial general liability insurance policy, Transcontinental owed Guaranty owed a defense in the suit.
On April 2, 1991, Transcontinental filed a motion for summary judgment, asserting that the insurance policy issued to Guaranty excludes coverage for the property damages incurred by Reynolds. More specifically, the property of Reynolds was “in the care, custody or control” of Guaranty; therefore, it was excluded from coverage.
The trial court granted Transcontinental’s motion for summary judgment, finding that the premises in question were not the insured premises under Transcontinental’s policy. The trial court also found that coverage was expressly excluded for property damage to “personal” property in Guaranty’s care, custody or control. The trial court rendered judgment in favor of Transcontinental and against Guaranty by judgment dated November 8, 1991. From this judgment, Guaranty appeals.
SUMMARY JUDGMENT
At issue is whether the trial court erred in finding that an exclusionary clause contained in the comprehensive general liability policy issued by Transcontinental to Guaranty expressly excluded from coverage property damage to “personal” property in Guaranty’s care, custody or control.[1]
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193, 1194 (La.App. 5th Cir.), writ denied, 457 So.2d 11 (La.1984); Landry v. Brandy, 389 So.2d 93, 95 (La.App. 4th Cir.1980). The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir.1985); Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058, 1063 (La.App. 1st Cir.1983).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014, 1015 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
The law is well settled that if there is any doubt or ambiguity as to the meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer. When the ambiguity relates to an exclusionary clause, the law requires that the contract be interpreted liberally in favor of coverage. The primary object of all insurance is *744 to insure, and exclusionary clauses are strictly construed against the insurer. Borden, Inc. v. Howard Trucking Company, Inc., 454 So.2d 1081, 1086 (La.1983).
The Transcontinental policy excludes coverage for “property damage to personal property in your [the insured’s] care, custody or control.” In Gulf-Wandes Corp. v. Vinson Guard Service, 459 So.2d 14, 19 (La.App. 1st Cir.1984), writ denied, 464 So.2d 312 (1985), this court dealt with a similar exclusion. The court looked to jurisprudence concerning the definition of “custody” in the context of LSA-C.C. art. 2317 and noted the following:
We construe the Article to mean by things in one’s custody, such things over which that person maintains some sort of supervision and control either because he has an interest in them or derives a benefit from their use.
Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 459 So.2d at 19.
In the instant case, Guaranty was in the business of supervising and holding the personal property of others. Reynolds paid rental fees to Guaranty to have his personal property stored on their premises. Clearly, then, Guaranty had a proprietary interest in storing Reynolds’ property and derived benefits from such storage. Therefore, we find that Guaranty exercised care, custody and control over Reynolds’ personal property and the exclusion in Transcontinental’s policy is applicable. The policy clearly excludes coverage for the losses allegedly sustained by Reynolds.
Therefore, the trial court did not err in granting summary judgment in favor of Transcontinental. Accordingly, we affirm the judgment of the trial court. Plaintiff is cast for all costs of appeal.
AFFIRMED.

. Appellant raises several other issues which were addressed in the motion for partial summary judgment filed by Guaranty. The minutes and the judgment of the trial court reflect that the trial court did not rule on the motion for partial summary judgment. Accordingly, these issues are not properly before the court.