569 So.2d 1 (1990)
Dianne M. HARRIS
v.
William R. HAMILTON, et al.
No. 89-CA-1007.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
Rehearing Denied November 29, 1990.
*2 William J. Guste, III, Joseph B. Landry, Guste, Barnett & Shushan, New Orleans, for plaintiff/appellant.
Archie C. Tatford, Jr., New Orleans, for defendant/appellee.
Before GARRISON, BARRY, and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Diane M. Harris, owner of a car involved in an automobile accident, appeals a trial court judgment dismissing her claim against William R. Hamilton, owner and driver of the other vehicle involved in the accident. We affirm.

Facts
The instant case arises out of an automobile accident which occurred on Claiborne Avenue near its intersection with Dublin Street sometime between 2 a.m. and 7 a.m. on January 9, 1986. At the time of the accident, James Ratcliff was driving the plaintiff's vehicle, a 1980 Chevrolet Monza, with the plaintiff's permission. The defendant was driving a 1973 Dodge Dart.
Many of the details of the accident are subject to controversy. However, the parties agree that Hamilton's automobile was in the center lane and the plaintiff's car was in the left lane when the two vehicles came in contact with one another. As a result of the accident, plaintiff's vehicle left the roadway, jumped the curb and hit a light pole. The damage to plaintiff's car was estimated at $3,317.33.
Plaintiff filed suit against Hamilton for the full amount of the damages to her car, claiming that her vehicle was forced off the road by Hamilton's vehicle. Hamilton reconvened against Harris for the damage to his car, claiming that the accident was caused by Ratcliff's actions and that Harris was responsible because Ratcliff was driving Harris' car with Harris' full knowledge and consent. Neither Harris nor Hamilton named Ratcliff as a defendant.
At trial, both Hamilton and Ratcliff testified. Hamilton, an off-duty New Orleans Police Officer at the time of the accident, stated that the accident occurred about 3:30 or 4 a.m. He said that he had worked a detail at Ms. Mae's bar on Magazine Street the night before and had gone to the Tastee Donuts on Jefferson after finishing the detail about 2 a.m. While at the Tastee Donuts, he encountered two friends, Patrick Wood and Eric Stumpf, who followed him back to Ms. Mae's. Hamilton stated that it was raining hard that morning and that while travelling down Claiborne Avenue, Ratcliff changed lanes and the plaintiff's car hit his car. Both drivers hit the brakes and started sliding, Hamilton testified; the plaintiff's vehicle slid to the left, jumped the curb and hit the light pole. Hamilton said that he exchanged names with the other driver; but he thought that each person was going to take care of his own damage. Hamilton's version of the accident was somewhat corroborated by the testimony of Wood and Stumpf, who had been friends with Hamilton for years.
Ratcliff testified that he was on his way home from work at the time of the accident, which he said occurred about 6:15 or 6:30 a.m. He claims that Hamilton ran into the car that he was driving while attempting to change lanes to follow a car that had been in front of Ratcliff. Ratcliff stated that Hamilton's car hit the back of his vehicle when Hamilton swerved back into his original lane, which knocked the car he was driving into the light pole. Ratcliff stated Hamilton told him after the accident that a guy in the car in front of Ratcliff had pulled a gun and that he was concentrating on trying to get behind that car and had not seen the vehicle Ratcliff was driving. According to Ratcliff, Hamilton told him he'd pay for repairs and asked him not to call the police because he had no liability insurance.
In addition to the different descriptions of the accident, the two drivers disagreed on many minor points surrounding the accident. For instance, Hamilton denied the existence of the car Ratcliff says was in front of the car he was driving. Additionally, Ratcliff denied the existence of any car behind the two vehicles involved in the accident. Finally, Ratcliff said the light pole was leaning after the accident, while *3 Hamilton indicated that the light pole was unaffected by the accident.
After hearing all the evidence, the trial judge stated that he gave "little weight" to the testimony of Wood and Stumpf and that he was "not impressed" with Ratcliff's and Hamilton's testimony. Thus, he found that neither party had proven its case by a preponderance of the evidence and dismissed both the original and reconventional demands. Only Harris appealed; thus dismissal of the reconvention demand is final.
Harris assigned two errors: (1) The trial court erred in failing to grant her exception of no cause of action prior to trial and in referring the exception to the merits of the case, and (2) the trial court failed to fulfill his duty to "reconcile" conflicting testimony. Since Hamilton has not appealed the dismissal of the reconventional demand, the first issue is moot and will not be addressed in this opinion.

Liability for Harris' Damages
Under Louisiana's comparative fault system, trial judges have a duty to determine the persons properly liable for damages caused by negligence. In Benjamin v. Pizzalato, 245 So.2d 740 (La.App. 4th Cir. 1971), this court stated as follows:
When opposite versions of an accident are given and under either version at least some of the parties must necessarily recover, the trial judge must not declare a tie in the testimony, but must adjudicate the dispute, since the function of litigation is to resolve irreconcilable versions of an occurrence.
Id. at 742, fn. 3.
Under the facts of the instant case, three parties could possibly be liable for the damages caused by the accident; Harris, Ratcliff and/or Hamilton. As the owner of the vehicle, who was not present or directly involved in the accident, the plaintiff stands in a different position from the two drivers; therefore, she will be considered separately.
The plaintiff gave Ratcliff permission to drive her automobile. In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages which occur while another is operating the vehicle. Friday v. Mutz, 483 So.2d 1269, 1271 (La. App. 4th Cir.1986). Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver. Id. None of those exceptions are present in the instant case; therefore, there is no basis for holding Harris liable for any of the damages caused by the automobile accident, regardless of Ratcliff's negligence or lack of negligence. Hamilton's argument that Ratcliff was Harris' agent because they lived together and Ratcliff was returning from work, where he earned money for use in the household, is rejected. Thus, Harris is an innocent third-party who sustained damages because of the accident. The trial judge properly dismissed Hamilton's reconventional demand against Harris.
Regarding the liability of the two drivers, this circuit recognizes a rule that the drivers of automobiles involved in a collision resulting in injuries to an innocent third party are considered guilty per se in causing the accident. Poche v. Frazier, 232 So.2d 851, 856 (La.App. 4th Cir.1970). Thus, an innocent plaintiff meets his burden of establishing a prima facie case by simply proving that he sustained damages as a result of the negligence of the drivers. Michel v. State Farm Mutual Automobile Ins. Co., 314 So.2d 535, 538 (La.App. 1st Cir.1975). At that point, a presumption arises that the damages were caused by the negligence of one or both drivers and the burden shifts to the drivers to exonerate themselves from the presumption of negligence. Parker v. Travelers Ins. Co., 369 So.2d 1120, 1122 (La.App. 1st Cir.1979); Poche, supra; Michel, supra. The defendants can meet their burden of overcoming the presumption by proving that the harm was caused by the fault of the victim, the fault of a third party, or by an irresistible force. Arceneaux v. Domingue, 365 So.2d 1330, 1335 (La.1978).
Hamilton argues to this court, in brief, that Harris is not entitled to the rule *4 established by Poche, supra, that the drivers of the automobiles are considered guilty per se in causing automobile accidents which result in injury to an innocent third party. Hamilton would distinguish the instant case from the Poche case on the basis of the fact that the plaintiff in Poche suffered physical injuries, not just property damage, like the plaintiff in the instant case. However, that factual distinction does not control the controversy. In Poche, this court stated that the innocent third-party rule is based on the fact that there is no question of negligence on the part of the plaintiff, not on any consideration of the kind of damages suffered by the plaintiff. 232 So.2d at 856. Thus, we hold that the rule establishing a presumption of negligence on the part of the drivers applies to all cases involving automobile accidents which result in damages to innocent third parties, regardless of the types of damages suffered by the plaintiffs.
In the instant case, neither driver successfully overcame that presumption of negligence. As the trial judge noted, neither driver proved by a preponderance of the evidence that the other driver was solely at fault in causing the accident. Thus, under the rule, both drivers must be considered negligent. In Louisiana, when two drivers are both responsible for causing an accident, they are considered solidarily liable. See King v. State Farm Mutual Auto Ins. Co., 485 So.2d 578, 584 (La.App. 4th Cir.1986).
In the instant case, one of the presumably negligent drivers is not a party to the action. Nevertheless, under the provisions of La.C.C.P. art. 1812, a percentage of liability may be assigned to a person who has not been made a party to the case. That article provides, in pertinent part, as follows:
C. In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to: ...
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and if so:
(b) The degree of such fault, expressed in percentages.
Ordinarily, when two or more defendants are held solidarily liable for a plaintiff's injury, the plaintiff is entitled to recover the entire amount of damages from either defendant and that payor defendant then has an action for contribution against the other solidary obligors. La.C.C. art. 2324. However, when one of the responsible persons is not a party to the litigation, as in the instant case, that rule is changed. Under the provisions of La.C.C.P. art. 1812, this court has previously recognized that liability may be assessed against a non-party, resulting in reduction of the plaintiff's recovery to the extent of the non-party's liability. Murphy v. City of New Orleans, 537 So.2d 1183, 1185-86 (La.App. 4th Cir. 1988). In the instant case, we find that each driver was 50 percent negligent in causing the accident and each is thus responsible for 50 percent of the damages suffered by the plaintiff. Thus, defendant Hamilton is legally liable for 50 percent of the plaintiff's damages.

Damages
The statements in the previous section notwithstanding, the plaintiff in the instant case is nonetheless not entitled to any recovery because she failed to prove her damages. She attempted to show that the accident caused $3,317.33 worth of damages were caused to her automobile, by offering an estimate from an automobile repair shop. However, it is well settled that a repair estimate is inadmissible hearsay which has no probative value in the absence of expert testimony from the witness who prepared the estimate. Fairconetue v. Williams, 482 So.2d 198, 199-200 (La.App. 4th Cir.1986). Thus, plaintiff in the instant case presented no proof of her damages. For that reason, she cannot recover from defendant Hamilton.

Conclusion
For the above and foregoing reasons, the trial court judgment dismissing plaintiff Diane *5 M. Harris' claim against defendant William R. Hamilton is affirmed.
AFFIRMED.
BARRY, Judge, concurs with reasons.
The facts of Murphy v. City of New Orleans, 537 So.2d 1183 (La.App. 4th Cir. 1988) are distinguishable and that case does not support the affirmance.
I agree with the result.