[iPLOTKIN, Judge,
concurring.
I agree with the result reached by the majority, however, I believe that the majority neglected to properly address the recent amendments to the Louisiana Code of Evidence regarding the proper presumptions and burdens in civil cases.[2] These amendments do not create new presumptions, however, they clarify and define the previous Civil Code articles governing presumptions. The pertinent amendments as related to this case are as follows:
Art. 301. Scope of Chapter
This Chapter applies only to civil cases. It defines and clarifies the foundation, weight, and other effects of presumptions and prima facie evidence or proof as used in legislation but does not apply where more specific legislation provides otherwise. It does not create new presumptions, nor does it apply to or directly affect mixed questions of law and fact, such as the inference of negligence arising form the doctrine of res ipsa loquitur.
Art. 302. Definitions
The following definitions apply under this Chapter:
*1266 (1) The “burden of persuasion” is the burden of a party to establish a requisite degree of belief in the mind of the trier of fact as to the existence or nonexistence of a fact. Depending on the circumstances, the degree of belief may be by a preponderance of the evidence, by clear and convincing evidence, or as otherwise required by law.
(2) A “predicate fact” is a fact or group of facts which must be established for a party to be entitled to the benefits of a presumption.
(3) A “presumption” is an inference created by legislation that the trier of fact must draw if it finds the ^existence of the predicate fact unless the trier of fact is persuaded by evidence of the nonexistence of the fact to be inferred. As used herein, it does not include a particular usage of text, or history of the statute indicates an intention merely to authorize but not to require the trier of fact to draw an inference.
(4) An “inference” is a conclusion that an evidentiary fact exists based on the establishment of a predicate fact.
Art. 303. Conclusive presumptions
A “conclusive presumption” is a rule of substantive law and is not regulated by this Chapter.
Art. 304. Rebuttable presumptions
Presumptions regulated by this Chapter are rebuttable presumptions and therefore may be controverted or overcome by appropriate evidence.
Art. 305. Effect of presumptions if there is no controverting evidence
If the trier of fact finds the existence of the predicate fact, and there is no evidence controverting the fact to be inferred, the trier of fact is required to find the existence of the fact to be inferred.
Art. 306. Effect of presumptions if there is controverting evidence
If the trier of fact finds the existence of the predicate fact, and if there is evidence controverting the fact to be inferred, it shall find the existence of the inferred fact unless it is persuaded by the controverting evidence of the nonexistence of the inferred fact.
Often times, the definitional boundaries regarding burdens are blurred. But there are clear distinctions as enunciated by the new provisions. The burden of persuasion establishes which party must present sufficient evidence to sway the trier of fact towards finding proof of the existence of the elements crucial to the ease. It also encompasses to what extent the fact finder must be convinced, for example, by a preponderance of the evidence. The burden of producing evidence begets the question of whether or not the party bearing the burden of persuasion has produced sufficient evidence to allow the fact finder to conclude that each necessary element has been proven, by the relevant level of persuasion. Taken |3together, these burdens comprise the requisite burden of proof necessary to prevail.
In many instances, there exist predicate facts from which the trier of fact must deduce an inference. These are termed presumptions. However, presumptions can be rebutted “by evidence of the nonexistence of the fact to be inferred.” La. C.E. art. 302. Thus, the existence of a presumption shifts the burden to the other party to disprove the inferred fact.
In our case, there are competing presumptions. Plaintiff is entitled to the presumption that when a third party (i.e.passenger) suffers damages in a collision between two vehicles, each driver bears the burden of proof to exonerate herself. Harris v. Hamilton, 569 So.2d 1, 3 (La.App. 4th Cir.1990). Plaintiff was an innocent third party because he was a passenger in the U-Haul that struck Defendant's car. Therefore, if applied, this presumption would shift the burden to Defendant and Mr. Cottles to exonerate themselves. But, at this point, the second presumption is triggered. Because Defendant was struck from behind by the U-Haul, she enjoys the presumption that the following driver is presumed to be at fault in a rear-end collision. If applied, this would mean that Mr. Cottles is the inferred cause of the accident and not Defendant.
*1267 It is abundantly clear that in this case, these presumptions are in direct competition. In the new codal scheme, the Comments to article 804 specifically address the issue of competing presumptions, evincing a clear legislative intent. Comment (b) states, “If two presumptions are inconsistent, that presumption applies which is founded upon weightier considerations of policy and logic. If considerations of policy and logic are of equal weight, neither presumption applies.” In the instant case, policy considerations weigh heavier in favor of the presumption that the following driver is at fault in rear-end collisions. This presumption is firmly rooted in the jurisprudence as noted by the majority. 14However, even if it were determined that the presumptions are of equal weight, thereby creating a situation where neither apply, Defendant would still prevail because Plaintiff would still not have met his burden of persuasion in proving that Defendant was negligent. This is because Plaintiff failed to produce any credible evidence that Defendant operated her motor vehicle negligently, and he admitted that Mr. Cottles was speeding. It is even questionable if Plaintiff met his burden of producing evidence to avoid a directed verdict. Therefore, the trial court erred in apportioning fault against Defendant.

. Act no. 577 enacted Chapter 3 of the Louisiana Code of Evidence, comprising of articles 301 through 308, and article 804(B)(5); and to repeal Louisiana Civil Code Articles 1849 through 1852; and to redesignate La. C.E. art. 804(B)(5) and (6). All of these articles deal with evidence in civil proceedings.