720 So.2d 693 (1998)
Albert J. TREADAWAY and Audrey Treadaway
v.
PROGRESSIVE NORTHWESTERN INSURANCE, Shane McCabe and Vincent McCabe.
No. 97-CA-2356.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1998.
John L. Young, David Maldow, New Orleans, for Appellants Albert J. Treadaway and Audrey Treadaway.
Kenan S. Rand, Jr., Christovich & Kearney, L.L.P., New Orleans, for Appellee Progressive Northwestern Insurance Company.
Before KLEES, ARMSTRONG, PLOTKIN, JONES and MURRAY, JJ.
*694 JONES, Judge.
Plaintiffs appeal the judgment of the trial court granting summary judgment in favor of the defendant's insurer regarding a signed endorsement excluding coverage for accidents arising from the operation of the insured vehicle by the defendant's spouse. After reviewing the insurance policy, together with the endorsement at issue, we affirm the judgment of the trial court granting summary judgment.
On April 4, 1996, plaintiff-appellants Albert and Audrey Treadway were injured in an automobile accident with a 1988 GM truck. The truck was owned by the defendant, Vincent McCabe, and driven by his wife, Shane McCabe. Mr. McCabe was the front seat passenger in this vehicle. The McCabes were residents of Storrs, Connecticut, and were in New Orleans visiting Mrs. McCabe's father.
This accident occurred at the intersection of Wall Boulevard and General DeGaulle Drive when Mrs. McCabe collided with a vehicle in front of her, jumped an adjacent neutral ground, and struck a 1995 Ford Crown Victoria, owned and operated by Mr. Treadway. Mrs. Treadway was guest passenger in this vehicle.
Before the accident both Mr. and Mrs. McCabe had consumed several alcoholic beverages. After consuming these drinks, Mrs. McCabe received a telephone call from her sister who requested that Mrs. McCabe come over to her house. Mr. McCabe acknowledged he allowed his wife to drive the truck to his sister-in-law's house because he was too intoxicated to drive. Mrs. McCabe did not possess a valid driver's license at the time of the accident, nor was she familiar with the traffic at this particular intersection.
Mr. McCabe executed a Named Driver Exclusion Endorsement (hereinafter referred to as Endorsement) under an automobile insurance policy with Progressive Northern Insurance Company (Progressive) on January 29, 1996. This endorsement explicitly excluded coverage for any and all accidents caused by the operation of the insured vehicle by Mrs. McCabe. As a result of executing this endorsement, Mr. McCabe received a reduction in his insurance premiums.
On October 28, 1996, plaintiffs filed their Petition for Damages against the McCabes and their insurer, Progressive, alleging that their injuries from this collision resulted from Mrs. McCabe's intoxication and incompetence. Plaintiffs also alleged that Mr. McCabe was negligent in entrusting his vehicle to his wife.
Progressive timely answered the petition, and later filed a motion for summary judgment asserting that the endorsement signed by the McCabes excluded liability coverage for accidents caused by Mrs. McCabe while operating the insured vehicle. Progressive also sought to dismiss the plaintiffs' claim with prejudice. Plaintiffs responded by filing a motion in opposition to the summary judgment stating that the endorsement was against public policy and did not pertain to claims for negligent entrustment brought against the named insured. The trial court granted the motion and dismissed the plaintiffs' claim against Progressive, with prejudice.

ASSIGNMENT OF ERROR NO. 1
In their first assignment of error, the plaintiffs allege the trial court committed manifest error in finding the endorsement signed by Mr. McCabe excluded coverage for this accident.
Plaintiffs argue the endorsement executed by Progressive which excluded coverage for claims arising from Mrs. McCabe's operation of the insured vehicle violates the Louisiana Motor Vehicle Safety Responsibility Law. See LSA-R.S. 32:861. Plaintiffs further argue that though the insured may have excluded coverage of a particular named person in his household, the endorsement goes beyond what the law permits by excluding coverage for any liability imposed by law upon Mr. McCabe as the owner of the vehicle. In support of their argument, plaintiffs cite LSA-R.S. 32:900(B)(2) which requires that all permissive users of the insured vehicle be "insured against any loss from the liability imposed by law for damages arising out of the ... use of such motor vehicle." In *695 essence, plaintiffs argue that when Mr. McCabe allowed his wife to use the insured vehicle, her negligent driving and the subsequent accident arose from his use of the vehicle thereby allowing coverage under his insurance policy.
Progressive argues the endorsement which was validly signed by both Mr. McCabe and his spouse specifically excluded coverage for Mrs. McCabe, and the exclusion applied to any liability which resulted from her use of the insured vehicle. Progressive further argues that LSA-R.S. 32:900(L) allows the insurer and the insured to exclude coverage for any individual that is a resident in the insured's household, and the omnibus coverage clause found in LSA-R.S. 32:900(B)(2) is inapplicable in light of the endorsement. Progressive further argues that this Court should affirm the trial court's decision because the language of the agreement at issue is valid, clear and unambiguous. We agree.
The premise for granting a motion for summary judgment is determining whether there exist a genuine issue of material fact necessary to have a trial on the merits. However, following the 1996 amendments to LSA-C.C.P. 966, this Court must review this initial determination liberally because summary judgments are now "favored" by the judiciary. Oakley v. Thebault, 96-0937 (La. App. 4 Cir. 11/18/96), 684 So.2d 488, 490. The language of the amendment tracks the language of Rule 56 of the Federal Rules of Civil Procedure, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Id.
In the case subjudice, we must examine the face of the endorsement to determine whether there exist any ambiguity in the agreement regarding coverage of the excluded individual. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Bilbo v. Shelter Insurance Company, 96-1476 (La.App. 1 Cir. 7/30/97), 698 So.2d 691, 694; citing Reynolds v. Select Properties, Ltd., 616 So.2d 742 (La.App. 1 Cir.1993); writ granted 93-1480 (La.4/11/94), 634 So.2d 1180, revised 634 So.2d 1180.
The endorsement provides:

NAMED DRIVER EXCLUSION ENDORSEMENT
Your policy is changed as follows:
In consideration of the premium charged for your
policy, it is agreed we will not provide coverage,
defend, or pay any claim arising out of an accident or loss
which occurs while any vehicle is driven by:
 Shane McCabe DOB: 9-18-72
This endorsement is issued to reduce your premium by
excluding drivers who would be considered in determining
your premium. This endorsement applies to
this policy and all future renewals unless otherwise
directed in writing.
Notice: If you are held liable when the excluded
driver(s) named above operate(s) a vehicle, your policy
does not insure you against this liability.
If we are required to make any payment under your
policy because of an accident which occurs while a
vehicle is being driven by the above named person(s),
you must repay us for all payments and expenses.
This endorsement supersedes any contrary provision(s)
contained in your policy.
Named Insured: s/Vincent McCabe Date: 1/29/96
Excluded Driver: s/Shane McCabe Date: 1/29/96
Attached to and forms part of policy number:
XXXXXXXX-X
(Emphasis theirs)
The insurance policy signed by the McCabes must also be read in conjunction with the above endorsement because the endorsement has been made an integral part of the insurance policy under LSA-R.S. 32:900(L) which provides:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Though the statute does not require the reasons for excluding an individual, it is presumed that a person who does not possess a valid driver's license would be one of the persons likely to be excluded.
Moreover, according to the endorsement, it is clear as to why the parties *696 entered into this agreement. Progressive agreed to reduce Mr. McCabe's insurance premiums if Mr. McCabe agreed not to allow his wife, who did not have a driver's license, to operate the insured vehicle. Once Mr. McCabe endorsed this agreement, he became bound by its contents and could not rescind without a showing of error, fraud or duress. A person who signs a written instrument is presumed to know its contents and cannot claim that he did not read or understand the document. Myers v. Burger King Corp., 618 So.2d 1123, 1125 (La.App. 4 Cir. 1993). If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. Bilbo 698 So.2d at 694. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Reynolds, 634 So.2d at 1183. (Emphasis ours).
Plaintiffs' attempt to show that Mr. McCabe was somehow using the vehicle by allowing his excluded spouse to drive is without merit. It is painfully obvious that coverage would be denied if Mrs. McCabe operated/used this vehicle in any manner. Therefore, we cannot, in light of the endorsement, consider the subsequent accident as having resulted from Mr. McCabe's use of the vehicle.

ASSIGNMENT OF ERROR NO. 2
In their second assignment of error, plaintiffs argue that because Mr. McCabe entrusted his vehicle to an excluded, unlicensed driver, Progressive should be liable for their injuries under the theory of negligent entrustment as recognized by this Court's decision in Harris v. Hamilton, 569 So.2d 1 (La.App. 4 Cir.1990). We disagree.
In Harris, this Court noted that owners of motor vehicles are not personally liable for damages arising out of automobile accidents when "permitted drivers" are operating the vehicle, unless the permitted driver is an agent, on a mission for the owner, or is incompetent. Harris, 569 So.2d at 3. However, Harris did not address "excluded" drivers as does the case subjudice. This Court found the negligent entrustment theory did not apply in Harris. Likewise, the negligent entrustment theory does not apply here because Mrs. McCabe was not an agent, or on a mission for her husband, and further she was specifically excluded as an insured driver. Because of the novelty of this issue, we hereby limit the scope of negligent entrustment to extend only to those instances were the permitted drivers are not excluded by the insured's automobile liability policy.

DECREE
For the foregoing reasons, we find it was proper for the trial court to grant summary judgment in favor of Progressive. This Court also limits the scope of the negligent entrustment theory to extend only to situations where the permitted driver is not excluded in the insured's automobile liability policy.
AFFIRMED.
ARMSTRONG, J., dissents with reasons.
PLOTKIN, J., dissents with written reasons.
ARMSTRONG, Judge, dissenting with reasons.
I respectfully dissent. I do not believe that La. R.S. 32:900(L) allows an insurer to use a named person exclusion to exclude coverage, not only for the named person, but also for an insured sued for negligent entrustment of the vehicle to the named person. That statute allows an agreement to "exclude from coverage any named person." Thus, the statute does not allow exclusion of particular claims, whether on the basis of the claims arising from acts of the excluded named person or otherwise, but instead allows only exclusion of coverage of particular persons. Consequently, as Vincent McCabe is not the excluded named person, coverage cannot be denied as to him.
PLOTKIN, Judge, dissenting with written reasons.
This appeal revolves around the interpretation of Louisiana's omnibus insurance provision, as it relates to an insurance policy *697 which includes a "Named Driver Exclusion Endorsement" as authorized by LSA-R.S. 32:900(L). For the reasons which follow, I believe that the "Named Driver Exclusion Endorsement" in the Progressive Northwestern Insurance Co. policy issued to Vincent McCabe is void under Louisiana law to the extent that it excludes coverage for Mr. McCabe's alleged personal liability for negligently entrusting his vehicle to his unlicensed, inebriated spouse. Thus, I respectfully dissent from the majority decision affirming the trial court's judgment granting the motion for summary judgment in favor of the insurance company. I would reverse the summary judgment to the extent it finds that Progressive Northwestern has no liability for Mr. McCabe's alleged negligent entrustment of the vehicle to his wife.

Facts[1]
The automobile accident giving rise to this case was allegedly caused solely by the negligence of defendant Shane McCabe, who was driving a vehicle owned by her husband, defendant Vincent McCabe. Shane McCabe, who was not a licensed driver, drove her husband's vehicle in response to a telephone call from her sister asking her to come over immediately. Apparently, both Shane and Vincent McCabe considered the situation somewhat of an emergency. Prior to the phone call, Vincent McCabe allegedly had consumed five vodka and orange juice mixed drinks, while Shane McCabe had consumed two beers. Both Vincent and Shane McCabe went to the sister's home; however, they decided Shane McCabe should drive, apparently because she had consumed less alcohol. This decision was made despite the fact that Shane McCabe was not a licensed driver and thus was unfamiliar with driving in New Orleans traffic. Vincent McCabe was a passenger in the vehicle at the time of the accident.
The vehicle driven by Shane McCabe was a 1988 GMC truck. The vehicle was owned by Vincent McCabe and insured by a personal automobile policy from Progressive Northwestern. That policy includes a "Named Driver Exclusion Endorsement" naming Shane McCabe specifically.
Plaintiffs filed suit against Vincent and Shane McCabe and Progressive Northwestern. In addition to their allegation that Shane McCabe was negligent in causing the accident, the plaintiff alleged that Vincent McCabe was liable for negligent entrustment of his vehicle to Shane McCabe, an unlicensed driver who had consumed alcohol and who was completely unfamiliar both with driving in city traffic and with the streets in New Orleans. Progressive Northwestern filed a motion for summary judgment, which was granted by the trial court. Plaintiffs appeal, making the following arguments:
1. The Progressive Northwestern policy illegally excludes coverage for the liability of the policy holder resulting from the use of his insured vehicle.
2. The Progressive Northwestern policy illegally excludes coverage for the liability of the policy holder's resulting from the negligent entrustment of his vehicle to another.
Since this case involves a motion for summary judgment and the facts apparently are not disputed, the only question before this court is whether Progressive Northwestern is entitled to judgment as a matter of law.[2] I see the analysis of that question as two-tiered: (1) Does the policy language exclude coverage under the facts and circumstances of this case? and (2) Does the exclusion of coverage under the facts of this case violate public policy, thus making the policy provisions illegal and unenforceable?

Policy language
The "Named Driver Exclusion Endorsement" in the Progressive Northwestern policy at issue states as follows:
In consideration for the premium charged for your policy, it is agreed we will not provide coverage, defend, or pay any claim *698 arising out of an accident or loss which occurs while any vehicle is driven by:
 Shane McCabe
Moreover, the exclusion includes the following language:
Notice: if you are held liable when the excluded driver(s) named above operate(s) a vehicle, your policy does not insure you against this liability.
(Emphasis in original.)
Under the above policy language, coverage is clearly excluded under the circumstances of this case. Certainly the plaintiffs' damages arose out of "an accident or loss which occcur[red] while the vehicle was being driven by" the excluded driver. Thus, the express language of the policy clearly provides no coverage either for the driver, or for the named insured in the policy.

Public policy
However, the more difficult questionand the point where I disagree with the majority's conclusionis whether the Progressive Northwestern policy's exclusion of coverage under the facts of this case is against public policy and therefore unenforceable. Louisiana's motor vehicle insurance law requires that an insurance policy include omnibus coverage in favor of persons driving an insured vehicle with the permission of the named insured. LSA-R.S. 32:900, which defines "Motor Vehicle Liability Policy, states, in pertinent part, as follows:
B. Such owner's policy of liability insurance:
....
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada....
...
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insurer.
LSA-R.S. 32:900(L) was added by the 1990 Louisiana legislature. Although very few reported cases interpret the provision, the Louisiana Supreme Court has reversed a decision holding a named driver exclusion invalid, citing LSA-R.S. 32:900(L). Bellard v. Johnson, 97-0909 (La.5/30/97), 694 So.2d 225. However, the plaintiffs claim that §L cannot be read to allow the insurance company to exclude coverage for the negligence of the named insured in entrusting his vehicle to a person not qualified to drive. That question is res nova.
Besides the above quoted statutory language, LSA-R.S. 22:655, which provides, in pertinent part, as follows, is also important to the issue raised by this appeal:
[I]t is the purpose of all liability polices to give protection and coverage to all insureds, whether they are named insured or additional insured under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy.
Emphasis added.
The question facing this court is whether the language of LSA-R.S. 32:900(L), "[n]otwithstanding the requirements of Paragraph B(2) of this section" was intended by the legislature to modify the LSA-R.S. 32:900(B)(2) requirement that an automobile liability policy "shall insure the person named therein." I believe that the language of §L cannot logically be read to modify that general requirement. The purpose of the exception established in §L is clearly to modify the other requirement of §B(2), the requirement that the insurance policy insure "any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured." LSA-R.S. 32:900(L) refers specifically to exclusion of coverage "for any named person." Obviously, the named insured in the policy cannot qualify as "any named person" who is expressly excluded from coverage under the policy. Nothing in §L eliminates or modifies the requirement that insurance policies provide coverage for *699 the negligence of the named insured; thus, nothing in §L allows Progressive Northwestern to exclude coverage for the negligence of Vincent McCabe.
"An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy." Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983). In this case, the insurance policy properly excludes coverage for Mrs. McCabe's negligence in operating the vehicle; it may not, however, under Louisiana law, exclude coverage for Mr. McCabe's negligent entrustment of the vehicle to his inebriated, unlicensed wife because he is the "Named Insured" under the policy. Louisiana law requires a liability policy to cover all negligent acts of the named insured.
Moreover, I believe that the allegations of the plaintiffs' petition are sufficient, if proven, to impose liability on Mr. McCabe for negligent entrustment. "It is established law that the owner of a automobile who knowingly entrusts it to an intoxicated, or otherwise incompetent, driver is responsible for the harm resulting from the incompetent operation of the vehicle." Danos v. St. Pierre, 383 So.2d 1019, 1021 (La.App. 1st Cir.1980), aff'd on reh'g, 402 So.2d 633 (La.1981). See also Harris v. Hamilton, 569 So.2d 1 (La.App. 4th Cir.1990), which recognizes the theory of negligent entrustment, stating in pertinent part as follows:
In Louisiana, owners of motor vehicles are ordinarily not personally liable for damages which occur while another is operating the vehicle. Exceptions to this rule occur only when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver.
Id. The thrust of the Harris decision is that evidence of any one of the three exceptions listed, which themselves are not intended to be exclusive, is sufficient to impose liability on the owner of a vehicle for damages occurring while another is operating that vehicle with the owner's consent. Clearly, Mr. McCabe could be held liable to the plaintiffs for negligent entrustment of his vehicle to Mrs. McCabe if the plaintiffs successfully prove the allegations of their petition.
The majority improperly attempts to finesse this issue by holding that the negligent entrustment doctrine, to the extent it allows imposition of liability on the owner of a motor vehicle for negligently entrusting his vehicle to an incompetent person, "extend(s) only to those instances where the permitted drivers are not excluded by the insured's automobile liability policy." Under the majority's analysis, even a vehicle owner could not be held liable for negligent entrustment of his vehicle to an incompetent driver, if that incompetent driver is excluded under the owner's liability insurance policy. It is unworkable as a general doctrine because it prevents an injured party from pursuing remedies against people whose negligence caused their injuries. I strongly disagree with the majority's statements on that issue.
Progressive Northwestern suggests that allowing coverage for Mr. McCabe's alleged negligent entrustment of his insured vehicle to his wife under the facts of the instant case completely emasculates the provisions of LSA-R.S. 32:900(L) because it allows coverage for a claim arising out the negligence of the excluded driver. Moreover, Progressive Northwestern suggests, allowing such coverage encourages owners of vehicles to fraudulently agree not to allow an excluded person drive their vehicle, since they would know they could be covered for the negligence of the excluded person notwithstanding the provisions of the insurance policy disallowing such coverage. I see no merit in either of those arguments. Many types of situations can be imagined where a driver could allow an excluded driver to drive his vehicle without being himself liable for negligent entrustment. For example, the question of negligent entrustment would be much more difficult in the instant case had Mrs. McCabe not been inebriated, and/or if she had been more familiar with driving in city traffic or more familiar with the area where she driving at the time of the accident. Another example would be loaning the vehicle for his own personal mission or for a joint mission. The fact that Mrs. McCabe is not licensed does not necessarily mean that Mr. *700 McCabe's entrusting the vehicle to his wife qualifies as negligent entrustment per se. If Mrs. McCabe had been competent to drive  perhaps in the urban neighborhood where the couple lives in ConnecticutMr. McCabe's allowing her to drive would not be considered negligent entrustment.
Moreover, the Progressive Northwestern policy at issue in the instant case actually anticipates the possibility that it might, under some circumstances, be subject to liability for an accident occurring which the vehicle is being driven by an excluded driver. The "Excluded Driver Endorsement" itself provides, in pertinent part, as follows:
If we are required to make any payment under your policy because of an accident which occurs while a vehicle is being driven by the above named person(s), you must repay us for all payments and expenses.
If Progressive Northwestern is held liable for Vincent McCabe's liability in negligently entrusting his vehicle to his inebriated, unlicensed spouse, the above provision gives Progressive Northwestern the right to pursue reimbursement of that amount from Vincent McCabe.
Under the requirements of Louisiana law, the insurance company is absolutely required to cover its named insured for his alleged negligence in entrusting the vehicle to an incompetent driver. Moreover, I would hold that any policy purporting to exclude coverage for the named insured for negligent entrustment is void as against public policy. Finally, I believe that negligent entrustment has been properly alleged in the instant case. I respectfully dissent from the majority opinion.
NOTES
[1] This statement of facts is taken from the plaintiffs' brief, which cites the deposition testimony of Shane and Vincent McCabe.
[2] The parties' devote some portions of their briefs to discussion of the summary judgment law. The discussion in the plaintiffs' brief cites only pre-1996 amendment law and thus is incorrect.