ON REMAND FROM THE SUPREME COURT OF LOUISIANA
hARMSTRONG, Judge.
This is an automobile collision personal injury case. The specific issue presented in the present supervisory writ proceeding is whether a specified driver exclusion of an *1071 automobile liability insurance policy may legally exclude coverage, not only for the specified driver, but also for the policy’s named insured when that named insured is sued for negligent entrustment of a vehicle to the specifically excluded driver. A recent decision of this Court holds that it may. Thus, we will render judgment for the relator insurer.
The plaintiff, William Manley, was injured in an automobile collision. The car which struck Mr. Manley’s car was owned by defendant Pamela Alphonso and was being driven by her minor son, Melvin Alphonso, at the time of the collision. The Alphonso vehicle was insured by defendant Progressive Security Insurance Company (“Progressive”).
Mr. Manley sued Pamela Alphonso under a theory of negligent entrustment of her car to her minor son, Melvin Alphonso. Specifically, Mr. Manley’s petition alleges that Pamela Alphonso was negligent in loaning her car to Melvin Alphonso 12because she allegedly knew or should have known that he was a careless operator and because he allegedly did not have proper driver education and was only fourteen years old at the time of the accident. Mr. Manley also sued Progressive as the liability insurer of the Alphonso vehicle, and Allstate Insurance Company (“Allstate”) as his own alleged uninsured/underin-sured motorist insurer.
Progressive moved for summary judgment based upon a specified driver exclusion endorsement to its policy on the Alphonso vehicle. That exclusion states, in pertinent part:
In consideration of the premium charged for the policy to which this endorsement applies, it is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated, either with or without the permission of the named insured, by the following members of the insured’s household:
The exclusion then lists Melvin Alphonso as the specifically excluded driver. The trial court granted Progressive’s motion as to Melvin Alphonso and in effect held that Progressive could not be liable for the alleged negligence of Melvin Alphonso. The trial court denied Progressive’s motion as to Pamela Alphonso and in effect held that Progressive could be liable for the alleged negligence of Pamela Alphonso.
Progressive filed an application for supervisory writs seeking reversal of the trial court’s denial of the summary judgment as to Pamela Alphonso. We denied that writ application without opinion. Progressive then filed a writ application with the Supreme Court. The Supreme Court granted that application and remanded the Incase to this court with instructions that there be briefing, oral argument and an opinion of this court. The parties have been given an opportunity to file supplemental briefs, there has been oral argument, and we now render this opinion.
There can be no dispute that the specified driver exclusion at issue in the present case, on its face, excludes coverage for Pamela Alphonso with respect to the claims in this case. However, Pamela Alphonso and Allstate argue that, to the extent the exclusion excludes coverage for Pamela Alphonso, it is voided by the compulsory motor vehicle liability insurance statute which, at La. R.S. 32:900(B)(2), requires that there be insurance coverage for permissive users of a motor vehicle. Progressive responds by relying upon La. R.S. 32:900(L) which states:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Apparently, it is uncontested that Melvin Alphonso, the person specifically excluded under Progressive’s policy exclusion, was a resident of the same household as Pamela Alphonso. Thus, the Progressive exclusion at issue is legally proper at least-to the extent that it excludes coverage for Melvin Alphonso.
However, Pamela Alphonso and Allstate argue that, while La. R.S. 32:900(L) authorizes insurers to exclude claims for a specified person, the statute does not allow the *1072 exclusion to exclude coverage for insureds other than the person specified in the exclusion. Under Pamela Alphonso’s and Allstate’s argument, the statute allows exclusion of coverage for certain claims upon the basis of whom the claim is made against rather than upon the basis of who was operating the insured vehicle at the time of the accident.
|4Pamela Alphonso’s and Allstate’s argument is foreclosed by our recent decision, rendered after our original denial of the present writ in Treadaway v. Progressive Northwestern Insurance, 97-2356 (La.App. 4 Cir. 9/9/98), 720 So.2d 693 (five judge panel with Judge Armstrong and Judge Plotkin dissenting), cert. denied, 98-2578 (La. 12/18/98), - So.2d -, 1998 WL 960194. In that case, the majority held that La. R.S. 32:900(L) permitted a specified driver exclusion that excluded coverage, not only for the specified driver, but also for an insured sued under a negligent entrustment theory. Treadaway is precisely on point as to the issue in the present case and, as the law in this Circuit, must be followed by this court.[1]
Because, under the Treadaway rule, coverage is excluded for Pamela Alphonso, we will grant Progressive’s writ application, reverse the trial court’s judgment to the extent that it denied Progressive’s motion for summary judgment and render judgment dismissing this action as against Progressive. We note that, as our Treadaway decision was rendered after the trial court’s judgment below, the trial court did not have the guidance of the Treadaway decision when it decided Progressive’s motion for summary judgment.

WRIT GRANTED; JUDGEMENT REVERSED.

JONES, J., CONCURS with reasons.

. The writer of this opinion dissented in Treada-way. It remains the writer’s conviction that La. R.S. 32:900(L) does not allow an insurer to use a specified driver exclusion to exclude coverage for an insured sued for negligent entrustment of a vehicle to the specified excluded driver. However, Treadaway is the established law in this Circuit.