|-i AMY, Judge.
The plaintiffs filed suit against driver of automobile, passenger, and insurer for damages resulting from a two-vehicle collision. The trial court found that the defendant/passenger was one hundred percent at fault in causing the accident by failing to properly aid the unlicensed driver, her mother, in negotiating a four-way stop while attempting to teach her to drive. The insurer appealed. For the following reasons we reverse in part and affirm in part.
Factual and Procedural Background
This suit arises out of a two-vehicle collision occurring in Natchitoches Parish on September 21, 1996. Brenda Dedon, an unlicensed driver with a learner’s permit, was practicing her driving with the assistance of her daughter, Tanya Dedon, a twenty-two-year-old licensed driver, at the time the accident occurred. Brenda De-don testified that as she approached the intersection controlled by a stop sign, she stopped the vehicle, and that both she and Tanya looked both ways to check for oncoming traffic. She explained that there were several “political signs” off the road to her left which obscured her vision in that direction, but believing that it was safe to proceed, she entered the intersection. The Dedon vehicle immediately collided with a second vehicle being driven by Steven Procell, Sr., and occupied by his wife and son.
On June 26, 1997, Mr. Procell filed suit on behalf of himself, his wife, and son, (collectively the plaintiffs) and against *36 Brenda Dedon, her husband Charles De-don, their automobile insurer, Safeway Insurance Company, and the plaintiffs’ Uninsured/Underinsured auto insurer, State Farm Insurance Company, for the damages they had allegedly sustained in the accident. On March 15, 1998, Safeway filed a motion for summary judgment asserting that at the time of the accident, Brenda Dedon was listed as an “excluded driver” under the liability portion of the policy and, therefore, it was not responsible for any claim arising out of an accident hoccurring while Brenda Dedon was operating the insured vehicle. Prior to the hearing on the motion, the plaintiffs filed a “First Amending Petition” adding Tanya Dedon as a defendant alleging that as a named insured under the policy, Tanya was negligent in supervising her unli-cenced mother in the operation of the vehicle.
Additional briefing was allowed by the trial court on the issue of Tanya’s negligence and the extent of insurance coverage for her negligence. Thereafter, the trial court denied the motion for summary judgment stating:
The motion could very well be good as to Brenda but a genuine issue of material fact still exists as to Tanya who was the instructor and supposedly in control of the vehicle. If the trial evidence should show that all negligence was on the part of Brenda then there would be coverage.
Safeway applied for a supervisory writ of review of this judgment which was denied by a panel of this court finding no error in the trial court’s ruling.
The case proceeded to trial on September 27, 1999, where, after receiving the evidence presented by the parties, the trial court found Tanya Dedon to be one hundred percent at fault in causing the accident. The trial court determined that Tanya was in charge of the vehicle while attempting to teach her mother to drive and that Tanya failed to help her mother through the vision-obscured intersection. The trial court awarded damages in the amount of $4,922.93 to Mr. Procell, $7,001.44 to Ms. Procell, and $3,129.00 to the minor son. From this judgment Safeway appeals.
Discussion of the Merits

Excluded Driver

The first and most critical issue presented by the appellant, Safeway, is whether the trial court erred in finding that there was insurance coverage for the negligent acts of Tanya Dedon, after Charles Dedon, the owner and a named insured under the insurance policy, signed a named driver exclusion agreement with Safeway, wherein 13Mr. Dedon agreed that the insurance policy “shall not apply with respect to any claim arising from accidents which occur while the automobile(s) described in the policy is/are being operated by Brenda Dedon.”
Safeway alleges that the excluded driver agreement is valid and enforceable as written and that such provisions have been specifically provided for by the legislature in its enactment of La.R.S. 32:900(L), which states:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Moreover, Safeway claims that the supreme court has recently recognized the validity of the such agreements in Bellard v. Johnson, 97-909 (La.5/30/97), 694 So.2d 225, wherein it granted a writ of certiorari and/or review from a decision by a panel of this court finding that La.R.S. 32:900(L) could not be interpreted to exclude an omnibus insured when the statute did not *37 explicitly allow for such exclusion. See Bellard v. Johnson, 96-961 (La.App. 3 Cir. 3/12/97), 692 So.2d 630. In reversing the decision of this court, the supreme court directly stated that, “La.R.S. 32:900 L clearly permits the purchaser of a policy to exclude from coverage a resident of his household.” Bellard, 97-909, 694 So.2d at 225.
Safeway also directs this court’s attention to two cases decided by the fourth circuit, Treadaway v. Progressive Northwestern Ins., 97-2356 (La.App. 4 Cir. 9/9/98), 720 So.2d 693, writ denied, 98-2578 (La.12/18/98), 732 So.2d 528, and Manley v. Alphonso, 97-2334 (La.App. 4 Cir.2/3/99), 729 So.2d 1070. Safeway argues that these cases have held that similar excluded driver agreements not only absolve automobile insurers from liability for all claims against an excluded driver, but also for any and all claims which arise out of an accident which occurs while the excluded driver is |4operating the insured vehicle, even those claims of negligence against a named insured under the said policy. In both the Treadaway and Manley decisions, the fourth circuit upheld the named driver exclusions as they were applied to a claim against a named insured for negligent entrustment. Treadaway Id.; Manley Id. Accordingly, Safeway argues, there should be no coverage for any negligent act committed by Tanya Dedon or Brenda Dedon, since any and all claims of negligence arise out of Brenda Dedoris, the excluded driver, operation of the vehicle at the time of the accident.
After thorough review of the jurisprudential and statutory law applicable to this issue, we find that La.R.S. 32:900(L) allows an insurer and insured, by written agreement, to exclude a particular named person who is a member of the insured’s household from coverage under the insurance policy, while the excluded driver is operating the vehicle. We conclude that the question of whether such agreements violate public policy have been laid to rest by the supreme court’s pronouncement in Bellard and its subsequent discussions of La.R.S. 32:900(L) in Joseph v. Dickerson, 99-1046 (La.1/19/00), 754 So.2d 912, and Adams v. Thomas, 98-2003, 98-2005 (La.4/13/99), 729 So.2d 1041. See Carter v. Patterson Ins. Co., 96-111 (La.App. 4 Cir. 5/22/96), 675 So.2d 736, writ denied, 96-1639 (La.10/4/96), 679 So.2d 1384.
Further, the contractual exclusion in this case clearly states that:
It is understood and agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while the automobile(s) described in the policy is/ are being operated by Brenda Dedon.
It is undisputed that Brenda De-don was operating a 1989 Ford F-150 pickup truck, as listed in the insurance policy, at the time the accident occurred. Moreover, we find that Safeway has proven that the claims of negligence asserted by the | Splaintiffs, against Brenda and Tanya Dedon, do arise out of the accident in question. If the language of an insurance contract is clear and unambiguous, the agreement must be enforced as written. Bilbo v. Shelter Ins. Co., 96-1476 (La.App. 1 Cir. 7/30/97), 698 So.2d 691, writ denied, 97-2198 (La.11/21/97), 703 So.2d 1312. Accordingly, we conclude that the liability coverage provided by Safeway was excluded for Tanya Dedoris negligence in failing to properly aid her mother in operating the vehicle.
Due to our findings as to insurance coverage in this matter, we do not reach the issue of apportionment of fault or damages. Neither the plaintiffs nor the De-dons assert any error as to the trial court’s findings in regards to these issues.
*38 DECREE
For the foregoing reasons, the judgment of the trial court is reversed insofar as its finding of liability insurance coverage by the defendant, Safeway Insurance Company. The remaining portions of the judgment are affirmed. All costs of this appeal are assessed against the plaintiffs, Steven Procell, Sr., et al.
REVERSED IN PART AND AFFIRMED IN PART.
YELVERTON, J., concurs.