944 So.2d 697 (2006)
Belda MEDINA and Maria Mercedes Flores
v.
Percy WOODS and Linda Woods and Imperial Fire and Casualty.
No. 2005-CA-1303.
Court of Appeal of Louisiana, Fourth Circuit.
October 31, 2006.
*698 Michele Gaudin, Salvador G. Longoria, Gaudin & Longoria, New Orleans, LA, Counsel for Plaintiffs/Appellees, Belda Medina and Maria Mercedes Flores.
Paul D. Oberle, Jr., Byron A. Richie, Richie, Richie & Oberle, L.L.P., Shreveport, LA, Counsel for Defendant/Appellant, Imperial Fire and Casualty Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge LEON A. CANNIZZARO, JR.).
CANNIZZARO, Judge.
This case arises out of a motor vehicle accident. The trial court rendered judgment against Percy Woods, the driver of the truck involved in the accident, his wife, Linda Woods, and Imperial Fire and Casualty Company ("Imperial"), the insurance company that had issued an automobile insurance policy to Mrs. Woods. The judgment was rendered in favor of Belda Medina, the owner and driver of the car that was hit by the truck driven by Mr. Woods, and her guest passenger, Maria Mercedes Flores. Imperial is now appealing the judgment against it. Mr. and Mrs. Woods have not appealed the judgment against them. Therefore, the judgment against Mr. and Mrs. Woods is a final judgment that can no longer be appealed.

STATEMENT OF THE FACTS
Mr. Woods was driving a pickup truck, and he failed to stop at a stop sign at the intersection of Milan and Camp Streets in New Orleans. When he ran the stop sign, he hit a car that was operated by Ms. Medina in which Ms. Flores was a guest passenger. Ms. Medina's car was badly damaged, and both occupants of the car were injured.
The truck that was driven by Mr. Woods was owned by him and his wife, but it was registered in her name only, because Mr. Woods did not have a valid driver's license. Ms. Woods was the insured under a policy of automobile liability insurance issued by Imperial. The policy included an Exclusion of Named Driver Endorsement that was executed by Mrs. Woods. The endorsement provided that "[i]n consideration of the premium charged, it is hereby agreed and understood that no coverage shall be afforded while the insured vehicle(s) is(are) being driven by PERCY WOODS 8/25/54." The truck involved in the accident was the *699 insured vehicle under the policy containing the endorsement.
Based on Ms. Medina's testimony at the trial, the judge found that Mr. Woods was solely at fault in causing the accident. Additionally, the police officer who investigated the accident testified that she gave Mr. Woods a ticket. She stated that he had failed to observe a stop sign and that his driver's license had been suspended.
Mr. Woods could not be located after the accident, and he was not available at the trial. Mrs. Woods testified that she was separated from her husband and did not know where he was.
Ms. Medina testified that while she was at the scene of the accident, she heard Mr. Woods tell the police officer who investigated the accident that he had driven his wife to the hospital and was on his way home when the accident occurred. The investigating officer testified, however, that she did not recall what Mr. Woods told her at the scene of the accident.
Salvador Longoria, one of the attorneys for Ms. Medina and Ms. Flores, testified at the trial as an officer of the court. He stated that at some point after the accident, he had spoken on the telephone to a man who had identified himself as Mr. Woods. Mr. Longoria further said that he had called Mr. Woods to ascertain whether there was an insurance policy that might pay for the damages that were suffered by his clients. During the course of the conversation, Mr. Woods said that on the morning of the accident, he had driven his wife to a hospital or to a medical appointment.
Mrs. Woods expressly testified that she was not driven to a doctor's appointment on the day of the accident. In fact, she testified that she was at work when the accident occurred and that she had no recollection of being in the truck at all on the day of the accident.
Mrs. Woods also said that Mr. Woods knew that he was prohibited from driving the truck and that he had been with her when she had applied for the Imperial policy with the driver exclusion endorsement. She further admitted that Mr. Woods had driven or attempted to drive the truck on at least two occasions other than the one when the accident occurred. When Mrs. Woods noticed some damage to the truck after Mr. Woods had driven the truck on one of the occasions, he explained that the truck had been damaged when he had driven it into a bridge.
Mrs. Woods testified that she had three sets of keys to the truck, that she kept two with her, and that a third set of keys was kept by the back door to her kitchen on a key ring. Additionally, Mrs. Woods stated that Mr. Woods had a "problem with alcohol," but she did not say that he had ever driven under the influence of alcohol. Finally, Mrs. Woods agreed that it was not a good idea to have left the keys to the truck in a place that was accessible to Mr. Woods.
Ms. Medina testified regarding her physical injuries and the damage to her car that resulted from the accident. Documentation of her medical and repair expenses were introduced into evidence. Ms. Medina also testified that she had lost some of her housecleaning jobs, because she could not get to work without her car, which was damaged such that she could not drive it. Additionally, the parties stipulated that the medical records and medical bills of both Ms. Medina and Ms. Flores were authentic and admissible into evidence. Finally, a stipulation was entered regarding the authenticity and admissibility of the estimate for repairing Ms. Medina's car.
*700 The trial judge awarded judgment in favor of Ms. Medina and against Mr. and Mrs. Woods and Imperial, jointly, in the amount of $7,500.00 for general damages for past, present, and future pain and suffering, $3,006.43[1] for property damage to Ms. Medina's car, and $535.00 for medical expenses. The trial judge also awarded judgment in favor of Ms. Flores against Mr. and Mrs. Woods and Imperial in the amount of $5,000.00 for general damages for past, present, and future pain and suffering and $175.00 for medical expenses.

DISCUSSION
Standard of Review
In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989), the Louisiana Supreme Court stated that it is well settled that an appellate court may set aside a factual finding of a trial court or a jury only where the finding was based on a "manifest error" or was "clearly wrong". Further, where there is conflict in the testimony, a trial court's or a jury's reasonable evaluations of credibility and reasonable inference of fact should not be disturbed on appeal, even though the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court or jury. Id. Where a decision of a court is based on an erroneous application of law rather than a valid exercise of discretion, the trial court's decision is not entitled to deference from the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72 (La.1983). Where the findings of the trier of fact are manifestly erroneous or clearly wrong, or where the correct law has not been applied in reaching those findings, the Rosell case requires the appellate court to redetermine the facts de novo from the entire record and render a judgment on the merits. 549 So.2d at 844, n. 2.
Assignments of Error
Imperial has raised two assignments of error. First, Imperial contends that the trial court was clearly wrong in finding that Mrs. Woods permitted Mr. Woods to operate her vehicle knowing or having reason to know that he was likely to use the car in an unsafe manner. Second, Imperial contends that the trial court did not apply the correct law in holding that the excluded driver endorsement was invalidated when Mrs. Woods negligently entrusted the truck to Mr. Woods. Because the legal issue in this case is dispositive, we need not consider the factual issues raised by Imperial regarding whether or not the truck was negligently entrusted to Mr. Woods. Thus, we will address only one assignment of error.
Assignment of Error: The trial court erred as a matter of law in finding that Imperial Fire and Casualty Insurance Company's "Exclusion of Named Driver Endorsement would not apply where an insured negligently entrusted her vehicle to an excluded driver.
La. R.S. 32:900 sets forth the provisions that must be included in a Louisiana motor vehicle liability insurance policy. La. R.S. 32:900(B)(2) provides that an owner's motor vehicle liability insurance policy "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada. . . ."
*701 Nevertheless, La. R.S. 32:900(L)(1) expressly permits an exception to this requirement. That exception provides that "[n]otwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured." Additionally, La. R.S. 32:900(L)(1) provides that a policy "may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into. . . ." Also, it is not necessary for the excluded driver to be a party to the written agreement. Id.
On its face, La. R.S. 32:900(L)(1) statutorily sanctions, without qualification, the use of an excluded driver endorsement in Louisiana motor vehicle liability policies. The trial court judge, however, found that because Mrs. Woods negligently entrusted the truck to Mr. Woods, the excluded driver endorsement was not effective. In the reasons for judgment, the trial court judge explained her reasoning:
Based on the evidence, the Court finds Linda Woods gave Percy Woods tacit permission to use her car [sic]. Linda Woods breached her duty to exercise reasonable care to plaintiffs because she had reason to know that her husband, Percy Woods, would borrow her car and use it in a manner involving an unreasonable risk of physical harm because of intoxication and incompetence. Thus, the Court finds Linda Woods liable on a theory of negligent entrustment. Further, the negligence imputed to Ms. Woods is causally related to the accident and injuries sustained by the plaintiffs.
In Treadaway v. Progressive Northwestern Insurance, 97-2356 (La.App. 4 Cir. 9/9/98), 720 So.2d 693, this Court considered whether an excluded driver endorsement was ineffective when the insured husband negligently entrusted a vehicle to his wife. She was named as an excluded driver on his motor vehicle liability insurance policy, and she was involved in a motor vehicle accident.
In Treadaway, this Court stated:
Likewise, the negligent entrustment theory does not apply here because Mrs. McCabe was not an agent, or on a mission for the husband, and further she was specifically excluded as an insured driver. Because of the novelty of this issue, we hereby limit the scope of negligent entrustment to extend only to those instances were [sic] the permitted drivers are not excluded by the insured's automobile liability policy.

720 So.2d at 696 (emphasis added). Thus, this Court determined that an insured owner's negligent entrustment of a vehicle to an excluded driver did not affect the excluded driver endorsement.
In Manley v. Alphonso, 97-2334 (La. App. 4 Cir. 2/3/99), 729 So.2d 1070, this Court again considered the issue raised in the Treadaway case and followed the Treadaway holding "that La. R.S. 32:900(L) permitted a specified driver exclusion that excluded coverage, not only for the specified driver, but also for an insured sued under a negligent entrustment theory." 729 So.2d at 1072.
The Louisiana Supreme Court discussed La. R.S. 32:900(L) as follows in Adams v. Thomas, 98-2033, 980-2005 (La.4/13/99), 729 So.2d 1041:
The determination of what is an acceptable exclusion in an insurance policy is up to the legislature, and if it wishes to carve out an exclusion . . . then it can expressly do so. The legislature did allow for a specific exclusion when it enacted La. R.S. 32:900(L). . . . We cannot overturn that legislative declaration. *702 729 So.2d at 1044-45, quoting Carter v. Patterson Ins. Co., 96-0111 (La.App. 4 Cir. 5/22/96), 675 So.2d 736, 740. In Marcus v. Hanover Insurance Co., 98-2040 (La.6/4/99), 740 So.2d 603, the Supreme Court stated that "[a]bsent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions upon the obligations they contractually assume." 740 So.2d at 606.[2]
The purpose of the statutorily sanctioned excluded driver endorsement to vehicle liability policies is the reduction of premiums. Williams v. Watson, 01-0495 (La.10/16/01), 798 So.2d 55, 59. As explained in the brief filed on behalf of Imperial, an excluded driver endorsement can enable an insured, who would otherwise have difficulty obtaining insurance coverage for a vehicle, to obtain insurance at a reasonable rate. For example, it might be economically impractical for a person whose spouse has a bad driving record to obtain the liability insurance that is mandated by law.[3] An excluded driver endorsement naming the spouse with a bad driving record could result in a premium reduction that would enable the insured to obtain the required coverage at an affordable price. By enacting La. R.S. 32:900(L), the legislature has permitted the exclusion of high-risk drivers from coverage in exchange for a reduced premium.
The trial court's decision in this case eviscerates La. R.S. 32:900(L) by imposing liability on Imperial, an insurance company that had issued a valid excluded driver endorsement, when Mr. Woods, the excluded driver, caused a motor vehicle accident. We find that this is not what the legislature intended when it enacted La. R.S. 32:900(L).
In the instant case, Mrs. Woods received a premium discount on her vehicle liability insurance policy, because she agreed that "no coverage shall be afforded" while her truck was being operated by Mr. Woods. If the damage caused by Mr. Woods while he was driving the truck is required to be covered by the Imperial policy, the insurance company will be insuring a risk greater than the risk that it was paid to assume. Imperial would not receive the benefit of the contract it executed with Mrs. Woods. Therefore, the judgment against Imperial must be reversed.
This is the correct result in this case, whether or not Mrs. Woods negligently or intentionally entrusted the truck to Mr. Woods. Thus, we need not consider the trial court's factual determination that Mrs. Woods negligently entrusted the truck to Mr. Woods.
Were the result we reached incorrect, an insured could purchase a vehicle liability policy with an excluded driver endorsement, proceed to permit the excluded driver to drive the insured vehicle, and then reap the benefits of the policy. Under the reasoning of the trial court, the fact that the insured negligently or otherwise permitted the excluded driver to drive the insured vehicle would allow the insured to receive the benefit of having the insurance *703 company cover the damages to a third party injured in a motor vehicle accident caused by the excluded driver. This result would be unjust and would deprive the insurer of the benefit of its bargain.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Imperial is reversed. The judgment against Mr. and Mrs. Woods is affirmed.
JUDGMENT AGAINST IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY REVERSED; JUDGMENT AGAINST PERCY WOODS AND LINDA WOODS AFFIRMED
NOTES
[1] The judgment contained a numerical amount of $3,000.43, but it also spelled the amount as "Three Thousand Six Dollars and forty three cents."
[2] In Joseph v. Dickerson, 99-1046, 00-1188 (La.1/19/00), 754 So.2d 912 the Louisiana Supreme Court stated that "we need not address whether public policy is violated when an insurance policy provision denies coverage to the insured for imputed negligence arising out of the excluded driver's use of the car, because we have determined that Judith is not vicariously liable for Christina's negligence." 754 So.2d at 918, n. 4. Cf. Bryant v. United Services Automobile Association, 03-3491, 04-0028 (La.9/9/04), 881 So.2d 1214, 1223.
[3] The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, established a mandatory, comprehensive scheme to protect the public from damage caused by motor vehicles. Bryant, 881 So.2d at 1218.